**No. 24-5071**

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

REPUBLICAN NATIONAL COMMITTEE, et al.,

*Plaintiffs-Appellants,*

v.

CARI-ANN BURGESS, in her official capacity as the Washoe County Registrar of Voters, et al.,

*Defendants-Appellees,*

VET VOICE FOUNDATION, et al.,

*Intervenor-Defendants–Appellees.*

_____

On Appeal from the United States District Court
for the District of Nevada, Case No. 3:24-CV-00198
Hon. Miranda M. Du

_____

## EXCERPTS OF THE RECORD

VOL. 1 of 1

_____

Jeffrey F. Barr
ASHCRAFT & BARR LLP
8275 South Eastern Ave., Ste. 200
Las Vegas, NV 89123
(702) 631-4755
barrj@ashcraftbarr.com

Sigal Chattah
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #204
Las Vegas, NV 89118
(702) 360-6200

Thomas R. McCarthy
Gilbert C. Dickey
Conor D. Woodfin
Thomas S. Vaseliou
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

*Counsel for Plaintiffs-Appellants*
*(additional counsel listed in concluding signature blocks in blue brief)*

# TABLE OF CONTENTS

**Document**                                                                      **Page**

Final Judgment,
Docket No. 89 (July 17, 2024) ..................................................................ER-03

Order,
Docket No. 88 (July 17, 2024) ..................................................................ER-04

Complaint,
Docket No. 1 (May 3, 2024)......................................................................ER-19

Notice of Appeal,
Docket No. 90 (August 16, 2024) .............................................................ER-37

District Court Docket Sheet,
Case No. 3:24-CV-00198 ..........................................................................ER-40

AO450 (NVD Rev. 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

REPUBLICAN NATIONAL          JUDGMENT
COMMITTEE et. al.,

                                 Case Number:   3:24-cv-00198-MMD-CLB

        Plaintiff,

v.

BURGESS et. al.,

        Defendant.

___ **Jury Verdict.**  This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

___ **Decision by Court.**  This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

_X_ **Decision by Court.**  This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Government Defendants' and Non-Profit Intervenors' motions to dismiss (ECF Nos. 60,[69) are granted.
**IT IS FURTHER ORDERED** that the DNC's motion to dismiss (ECF No. 59) and the American Civil Liberties Union of Nevada's motion for leave to file an amicus curiae brief (ECF No. 76) are denied as moot.
**IT IS FURTHER ORDERED** that judgment is hereby entered accordingly and this case is closed.

Date: July 17, 2024 _____

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                       * * *

6    REPUBLICAN NATIONAL COMMITTEE,              Case No. 3:24-cv-00198-MMD-CLB
     *et al.*,
7                                                           ORDER
                                    Plaintiffs,
8           v.

9    CAROL BURGESS, *et al.*,

10                                 Defendants.

11

12   **I.    SUMMARY**

13          A few years ago, the Nevada legislature changed the deadlines by which county

14   clerks' offices must receive mail ballots. *See* Act of June 2, 2021, ch. 248, §8, 2021 Nev.

15   Laws 1213, 1214 (2021). Current law generally allows for mail ballots to be received up

16   to four days after an election if they are mailed on or before the date of the election. *See*

17   NRS § 293.269921. Republican organizations and voters[1] initiated this action to

18   challenge this post-election mail ballot receipt deadline as unconstitutional and in violation

19   of federal law. (ECF No. 1 ("Complaint").)

20          Pending before the Court are three motions to dismiss Plaintiffs' Complaint for a

21   lack of Article III standing and for failure to state a claim. (ECF Nos. 59 (DNC), 60

22

23

24   _____

25          [1]Plaintiffs are the Republican National Committee ("RNC"); the Nevada Republican
     Party ("Nevada GOP"); Donald J. Trump for President 2024, Inc. ("Trump Campaign")
26   (collectively, "Organizational Plaintiffs"); and Donald Szymanski, a registered Republican
     and Nevada voter. They are suing in their official capacities Washoe County Registrar of
27   Voters Cari-Ann Burgess, Washoe County Clerk Jan Galassini, Clark County Registrar
     of Voters Lorena Portillo, Clark County Clerk Lynn Marie Goya, and Nevada Secretary of
28   State Francisco Aguilar (collectively, "Government Defendants"). The Vet Voice
     Foundation, Nevada Alliance for Retired Americans ("NARA") (collectively, "Non-Profit
     Intervenors"), and the Democratic National Committee ("DNC") are intervenor-
     defendants. (ECF Nos. 56, 70.)

1   (Government), 71 (Vet Voice and NARA).[2]) The American Civil Liberties Union of Nevada

2   has also submitted a motion for leave to file an amicus curiae brief advising the Court on

3   the merits of Plaintiffs' claims. (ECF No. 76.) The Court finds that Plaintiffs lack standing

4   to challenge the Nevada mail ballot receipt deadline and dismisses this case for lack of

5   subject-matter jurisdiction.

6   **II.   BACKGROUND**

7          For a mailed ballot to be counted in Nevada, it must be postmarked on or before

8   the day of an election and received by the county clerk before 5:00 p.m. on the fourth day

9   after the election. *See* NRS § 293.269921(1)(b). A mail ballot whose date of postmark

10  cannot be determined will be deemed timely if received no later than 5:00 p.m. on the

11  third day following the election *See id.* at (2). Plaintiffs assert that these post-election

12  receipt deadlines contravene federal law establishing a uniform Election Day[3] and thus

13  allow Nevada to count invalid votes, which violates the Fourteenth Amendment rights to

14  stand for office and to vote. They seek a declaratory judgement that Nevada's post-

15  Election Day mail ballot receipt deadline is unlawful, as well as injunctive relief prohibiting

16  the Government Defendants from counting mail ballots for federal office received after

17  Election Day in November 2024. (ECF No. 1 at 17.)

18  **III.   DISCUSSION**

19         Defendants have filed three separate motions to dismiss Plaintiffs' claims, both for

20  lack of Article III standing and on the merits. (ECF Nos. 59, 60, 69.) Standing is a threshold

21  issue, so the Court will address these arguments first. *See Food & Drug Admin. v. All. for*

22  *Hippocratic Med.*, 602 U.S. 367, 378 (2024); *Lance v. Coffman*, 549 U.S. 437, 439 (2007)

23  ("Federal courts must determine that they have jurisdiction before proceeding to the

24  merits.").

25  _____

26         [2]The Court has reviewed the parties' responses and replies. (ECF Nos. 73, 74, 77,
     78, 81, 87.) All Government Defendants have joined Aguilar's motion to dismiss and
27  response. (ECF Nos. 61, 63, 79, 82.)

28         [3]The Tuesday after the first Monday in November is the federal Election Day for
     electing members of Congress and appointing presidential electors. *See* 2 U.S.C. § 7; 3
     U.S.C. §1.

1    To establish standing, Plaintiffs must clearly demonstrate that (1) they have

2    suffered, or will likely suffer, an injury in fact that is concrete, particularized, and actual or

3    imminent—not abstract, generalized, or speculative; (2) the injury was likely caused, or

4    will be caused, by Nevada's post-election mail ballot receipt deadline; and (3) the injury

5    will likely be redressed by their requested relief. *See All. for Hippocratic Med.*, 602 U.S.

6    at 380-81; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs advance

7    several theories to support their standing to challenge Nevada's post-Election Day mail

8    ballot receipt deadline, each of which the Court addresses below but none of which meets

9    the threshold requirements of Article III.

10    **A.    Threat to Electoral Prospects**

11    Candidates and political parties may possess 'competitive standing' stemming

12    from "their shared interest in 'fair competition.'" *Mecinas v. Hobbs*, 30 F.4th 890, 898 n.3

13    (9th Cir. 2022). Plaintiffs asserting competitive standing in the Ninth Circuit have two

14    means through which they may fulfill the injury-in-fact requirement. First, they can allege

15    that they have been injured by the "potential loss of an election." *Drake v. Obama*, 664

16    F.3d 774, 783 (9th Cir. 2011) (quoting *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir.

17    1981)); *accord Townley v. Miller*, 722 F.3d 1128, 1135 (9th Cir. 2013). Or, alternatively,

18    their alleged injury may simply be that they are "forced to compete under the weight of a

19    state-imposed disadvantage," in which case they need not show that the challenged law

20    "has changed (or will imminently change) the actual outcome of a partisan election."

21    *Mecinas*, 30 F.4th at 899; *accord City of Los Angeles v. Barr*, 929 F.3d 1163, 1173 (9th

22    Cir. 2019) ("[The] inability to compete on an even playing field constitutes a concrete and

23    particularized injury."). Organizational Plaintiffs cannot establish standing under either

24    avenue.

25    **1.    Potential Loss of Election**

26    Any harm to Organizational Plaintiffs' electoral success from the Nevada mail

27    ballot receipt deadline "arises from the government's allegedly unlawful regulation" of a

28    third party: Nevada voters. *Lujan*, 504 U.S. at 562. Causation and redressability therefore

3

1  hinge on the response of those voters, "and perhaps on the response of others as well,"

2  to the deadline. *Id.* But Organizational Plaintiffs "cannot rely on speculation about the

3  unfettered choices made by independent actors" to establish standing. *All. for Hippocratic*

4  *Med.*, 602 U.S. at 383 (quotation marks omitted). Accordingly, regardless of whether the

5  potential loss of the November 2024 election due to the Nevada mail ballot receipt

6  deadline could fulfill the injury-in-fact requirement, Organizational Plaintiffs "have not

7  established that the *other* standing requirements are met." *Townley*, 722 F.3d at 1135.

8      The causal link between counting mail ballots received after Election Day in

9  Nevada and Organizational Plaintiffs' alleged electoral injuries is too speculative to

10  support standing. Plaintiffs argue that Democrats are more likely to vote by mail and to

11  vote later; thus, they are more likely to cast mail ballots that are received after Election

12  Day. (ECF No. 1 at 13.) Even if the first two points have been adequately pled—which is

13  not altogether clear[4]—it does not necessarily follow that mail ballots arriving after Election

14  Day will skew Democratic. And even if later-arriving mail ballots have favored Democrats

15  past elections, it is far from guaranteed that Nevada voters will behave similarly this

16  November. (ECF No. 1 at 13.) *See O'Shea v. Littleton*, 414 U.S. 488, 496-97 (1974)

17  (finding that, although past harm can have predictive value as to the likelihood of repeated

18  injury, the repetition of plaintiffs' past injury was too speculative to support standing).

19  Nevadans exercise "broad and legitimate discretion" over whether, when, and how they

20  cast their ballots, and their choices will be informed by a cacophony of influences from

21  _____

22  [4]Democrats in Nevada have returned more mail ballots than Republicans in the past two general elections (42.7% versus 29.2% of all mail ballots in 2022, and 46.2%

23  versus 26.2% in 2020), but around 27.6% of mail voters in each of those elections did not identify as Democrats or Republicans. (ECF No. 1 at 13 (citing data from the Office of the

24  Nevada Secretary of State).) *See also* OFF. OF NEV. SEC'Y OF STATE BARBARA K. CEGAVSKE, 2022 GENERAL ELECTION TURNOUT (2022),

25  https://perma.cc/N7G7-RUQ9; OFF. OF NEV. SEC'Y OF STATE BARBARA K. CEGAVSKE, 2020 GENERAL ELECTION TURNOUT (2020), https://perma.cc/Z6F3-SM4N. The partisan lean of the unaffiliated mail ballots is unknown.

26      The claim that Democrats vote later is based on a 2020 magazine article's

27  suggestion that "Democratic get-out-the-vote drives—which habitually occur shortly before election day—may delay maximum Democratic voting across-the-board." *See* Ed Kilgore, *Why Do the Last Votes Counted Skew Democratic?*, INTELLIGENCER (Aug. 10,

28  2020), https://perma.cc/R78D-3Q58. Plaintiffs offer no more specific information about the timing of mail voting in Nevada.

4

1   political parties, candidates, voter advocacy groups, media outlets, friends, family,

2   neighbors, and countless others. *Lujan*, 504 U.S. at 562. It is therefore "inherently

3   speculative" that mail ballots received in Nevada after Election Day will favor Democratic

4   candidates and that, if they do, such votes will be "sufficient in number to change the

5   outcome of the election to [Republicans'] detriment." *Bognet v. Sec'y Commonwealth Pa.*,

6   980 F.3d 336, 351-52 (3d Cir. 2020), *cert. granted* 131 S. Ct. 2508 (2021) (dismissed as

7   moot). The effect of the Nevada mail ballot receipt deadline on electoral outcomes is "not

8   sufficiently predictable" to meet Article III's causation requirement. *All. for Hippocratic*

9   *Med.*, 602 U.S. at 383.

10      By the same logic, Organizational Plaintiffs have not shown that any harm to their

11  electoral prospects will "likely" be redressed by enjoining Nevada from counting ballots

12  received after Election Day. *Id.* at 380. This Court "cannot presume either to control or to

13  predict" how Nevada voters would respond if their mail ballots were required to arrive by

14  Election Day. *Lujan*, 504 U.S. at 562 (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615

15  (1989) (opinion of Kennedy, J.)). Some affected voters might choose to forgo voting

16  altogether, while others might decide to vote by different means. Still others might choose

17  to continue voting by mail, with varying degrees of success dependent upon their own

18  timing, the speed of the U.S. Postal Service, and a host of other factors. How this all

19  would play out for Republican candidates in Nevada this November is entirely uncertain.

20  Because it is "merely speculative" that requiring mail ballots to arrive earlier will affect

21  Republican electoral success, Organizational Plaintiffs have not met the redressability

22  requirement either. *Lujan*, 504 U.S. at 561 (quotation marks omitted).

23      Organizational Plaintiffs cannot claim competitive standing based upon the

24  Nevada mail ballot receipt deadline's threats to Republican electoral prospects.

25                  **2.      State-Imposed Disadvantage**

26      Nor have Organizational Plaintiffs shown that the Nevada mail ballot receipt

27  deadline forces them to "compete under the weight of a state-imposed disadvantage."

28  *Mecinas*, 30 F.4th at 899.

5

1    As a threshold matter, the Court disagrees with the contention that "being forced

2    to participate in an 'illegally structured competitive environment,'" without more, is

3    sufficient to confer competitive standing. (ECF No. 1 at 12.) *Mecinas*, 30 F.4th at 898

4    (quoting *Shays v. Fed. Election Comm'n*, 414 F.3d 76, 87 (D.C. Cir. 2005)) (brackets

5    omitted). In each context in which the Ninth Circuit has recognized competitive standing

6    without assessing the actual effects of a policy on a plaintiff's success in a competitive

7    process, it was not the mere illegality of the competitive environment but instead the

8    resultant unfair disadvantage from that illegality which constituted an injury in fact. *See,*

9    *e.g.*, *Mecinas*, 30 F.4th at 899 (the DNC had standing to challenge a party-based ballot

10   ordering statute which constituted a "state-imposed disadvantage"); *Owen*, 640 F.2d at

11   1133 (candidate had standing to challenge the U.S. Postal Service giving his opponent a

12   preferential mailing rate which was "an unfair advantage in the election process"); *Barr*,

13   929 F.3d at 1173 (city had standing to challenge federal grant policy that rendered it

14   unable to compete for funding "on an even playing field"); *Planned Parenthood of Greater*

15   *Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1108-09 (9th

16   Cir. 2020) (nonprofit had standing to challenge grant-making criteria which "impermissibly

17   tilted the playing field" for federal funding against it); *Preston v. Heckler*, 734 F.2d 1359,

18   1365-66 (9th Cir. 1984) (candidate had standing to challenge federal hiring standards

19   which "deprived [her] of a fair opportunity to be evaluated for employment"). To hold

20   otherwise would contravene core tenets of the case-or-controversy requirement: plaintiffs

21   must suffer a concrete and particularized harm to have Article III standing, and a belief

22   that the government is acting illegally does not suffice. *See Lance*, 549 U.S. at 442; *All.*

23   *for Hippocratic Med.*, 602 U.S. at 381; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426

24   (2021) ("[Congress] may not simply enact an injury into existence, using its lawmaking

25   power to transform something that is not remotely harmful into something that is.").

26   In the instant case, Organizational Plaintiffs have failed to establish that the

27

28

1   Nevada mail ballot receipt deadline gives their Democratic opponents[5] some "unfair

2   advantage in the election process," *Owen*, 640 F.2d at 1133, or otherwise renders

3   Republicans unable to "compete on an even playing field," *Barr*, 929 F.3d at 1173. Any

4   'advantage' that Democrats may gain from the four-day grace period is one that appears

5   to be equally available to, but simply less often employed by, Republicans. (ECF No. 1 at

6   13.) *See also Bognet*, 980 F.3d at 351 (no competitive standing where plaintiffs did not

7   "explain how counting *more* timely cast votes would lead to a *less* competitive race"). In

8   other words, Republican candidates "face no harms that are unique from their electoral

9   opponents" when all Nevada voters are uniformly given greater access to the ballot box.

10  *Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993, 1003 (D. Nev.

11  2020); *see also Bognet*, 980 F.3d at 351 (candidate suffered no particularized injury when

12  all candidates in the state were subject to the same rules); *cf. Mecinas*, 30 F.4th at 898-

13  99 (competitive standing where statute mandated that candidates in the incumbent

14  governor's party would be listed first on ballots); *Owen*, 640 F.2d at 1132-33 (same, where

15  U.S. Postal Service gave incumbents a preferential mailing rate). Extending the timeline

16  for mail voting does not have particularized effects upon Organizational Plaintiffs.

17      Organizational Plaintiffs do not have competitive standing to challenge the Nevada

18  mail ballot receipt deadline.

19      **B.    Diversion of Resources**

20      Organizational Plaintiffs may also have direct standing if they can establish that

21  the Nevada mail ballot receipt deadline frustrates their mission and causes them to "divert

22  resources in response to that frustration of purpose." *Fellowship of Christian Athletes v.*

23  *San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 682 (9th Cir. 2023) (en banc)

24  (quoting *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 879 (9th Cir. 2022)).

25  "[M]erely continuing ongoing activities does not satisfy this requirement." *Friends of the*

26

27      [5]Plaintiffs repeatedly refer to Democratic candidates as their electoral opponents.
28  (ECF Nos. 1 at 12-13; 74 at 11-13, 17.) The Court will employ the same terms for the
    sake of simplicity, while recognizing that other partisan groups are also running
    candidates in the November 2024 election.

7

1    *Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 942 (9th Cir. 2021). Organizational

2    Plaintiffs must instead show that the Nevada mail ballot receipt deadline will cause them

3    to "expend[] additional resources that they would not otherwise have expended, and in

4    ways that they would not have expended them." *Id.* (quoting *Nat'l Council of La Raza v.*

5    *Cegavske*, 800 F.3d 1032, 1040 (9th Cir. 2015)). According to Organizational Plaintiffs,

6    the Nevada mail ballot receipt deadline requires them to "spend money on mail ballot

7    chase programs and post-election activities," as opposed to "in-person voting activities

8    and election-integrity measures." (ECF No. 1 at 4-5.) Neither of these alleged additional

9    expenditures amounts is a cognizable diversion-of-resources injury.

10            **1.     Chasing Mail Ballots Through Election Day**

11          Any diversion of resources to an Election Day 'mail ballot chase' program appears

12    to be nothing more than "business as usual" for Organizational Plaintiffs. *Friends of the*

13    *Earth*, 992 F.3d at 943. Organizational Plaintiffs claim that, by allowing voters to cast mail

14    ballots up through Election Day, Nevada law effectively requires them to divert funding

15    from corralling in-person voters on Election Day so that they can keep running mail ballot

16    collection operations. (ECF Nos. 1 at 11; 74 at 8.) The record is devoid of evidence,

17    however, that Organizational Plaintiffs would not round up mail ballots in substantially the

18    same manner if they were due at county clerks' offices on Election Day instead of four

19    days later; they would just conduct those same activities a few days earlier in November

20    or over a shortened period of time. *See Trump for President v. Cegavske*, 488 F. Supp.

21    3d at 1001-02 (diversion of resources toward voter education efforts is not needed to

22    counteract voter confusion when a law extends the time for casting a ballot). Engaging in

23    the same mail ballot collection push with slightly different timing is a "continuation of

24    existing advocacy," not an "affirmative diversion of resources." *Friends of the Earth*, 992

25    F.3d at 943. Organizational Plaintiffs have not shown that having *more* time to conduct

26    the same mail ballot collection activities has caused them any concrete harm.

27            **2.     Post-Election Activities**

28          Organizational Plaintiffs further maintain that the Nevada mail ballot receipt

1    deadline makes post-election mail ballot activities more time-consuming and expensive,

2    both by lengthening the timeframe during which mail ballots may be received and

3    complicating the mail ballot authentication process. (ECF No. 1 at 11.) Though these

4    activities may theoretically divert Organizational Plaintiffs' resources, they cannot

5    constitute a resource diversion injury because that additional time and money will not be

6    expended "*in response to*" some impediment to achieving Plaintiffs' mission posed by the

7    mail ballot receipt deadline. *Sabra*, 44 F.4th at 879 (emphasis added).

8         The Court first recognizes that Nevada's mail ballot receipt deadline may require

9    Organization Plaintiffs to devote more resources to poll watching and election-integrity

10   trainings. Adding an additional step to the mail ballot verification process could lengthen

11   the average processing time for each ballot, which in turn would require Organizational

12   Plaintiffs to hire poll watchers for more total hours than they otherwise would have.

13   Likewise, teaching poll watchers and members of mail ballot central counting boards to

14   check postmarks and determine whether they are legible could make their training more

15   time-consuming and expensive. Extending the receipt period for mail ballots might also

16   lengthen the ballot counting process,[6] and the resources allocated to these activities

17   could be put toward campaigning or other critical programs.[7]

18        These additional expenditures appear to be made in pursuit of ensuring that ballots

19   are counted correctly. *See* NRS §§ 293.269921 (setting postmark and receipt deadlines

20   for mail ballots), 293.269933 (outlining how mail ballot central counting boards must

21

22        [6]The Court assumes, without deciding, that this is a sufficiently imminent harm. *But
23   see* NRS § 293.269931(1) (stating that the Nevada "mail ballot central counting board
     may begin counting the received mail ballots 15 days before the day of the election" and
     "must complete the count of all mail ballots on or before the seventh day following the
24   election").

25        [7]The Court is not fully convinced that Organizational Plaintiffs have adequately
26   pled that they have imminent plans to hold these trainings and hire poll workers. (ECF
     No. 1 at 11 (stating that Plaintiffs have the right to engage in these activities, without
27   clearly alleging that they intend to engage in these activities in Nevada this November).)
     While this could be a dispositive issue, Organizational Plaintiffs' underlying argument is
     not meritorious and cannot be remedied by additional factual allegations. The Court will
28   thus resolve this dispute by addressing the merits of Organizational Plaintiffs' theory of
     standing.

1    process mail ballots). However, Organizational Plaintiffs have made no allegations that

2    the Nevada mail ballot receipt deadline harms the integrity of the mail ballot counting

3    process, such as by increasing the risk of error or fraud. They merely allege that the

4    process itself is invalid. Organizational Plaintiffs therefore are not engaging in additional

5    poll watching and mail ballot counting activities to identify or counteract any harms from

6    the Nevada mail ballot receipt deadline. *Cf. Havens Realty Corp. v. Coleman*, 455 U.S.

7    363, 379 (1982) (non-profit had direct standing to challenge racial steering practices

8    which impeded its "efforts to assist equal access to housing" because it "had to devote

9    significant resources to identify and counteract" the discriminatory behavior); *Sabra*, 44

10   F.4th at 879-80 (Muslim civil rights organization had direct standing to challenge

11   Islamophobic materials that caused it to divert resources to "create a campaign correcting

12   the Islamophobic information").

13           As a result, the causal chain is too attenuated to support Article III standing. Just

14   as physicians do not have standing to challenge the approval of a drug "simply because

15   more individuals might then show up . . . in doctors' offices with follow-on injuries,"

16   organizations who train and hire poll watchers and ballot counters do not have standing

17   to challenge the expansion of access to mail voting merely because it might create more

18   work for them. *All. for Hippocratic Med.*, 602 U.S. at 391-92. Such a theory of standing

19   would be too expansive to "screen[] out plaintiffs who were not injured by" a challenged

20   law and ensure that courts are not "virtually continuing monitors of the wisdom and

21   soundness of government action." *Id.* at 383-84 (quotation marks and citation omitted).

22           **C.      Harm to Individual Voters: Vote Dilution**

23           Plaintiffs finally argue that parties, candidates, and voters all have standing to

24   challenge the Nevada mail ballot receipt deadline because it dilutes the relative weight of

25   their ballots, reduces Republican voting power, and sets different rules for in-person and

26   mail-in voting. (ECF No. 74 at 15-18.) None of these alleged injuries is cognizable.

27           **1.      Associational Standing**

28           The Court regards vote dilution claims by Organizational Plaintiffs as requests for

10

associational standing on behalf of their members who vote in Nevada, as their competitive standing arguments have already been rejected. An organizational plaintiff has associational standing to sue on behalf of its members if: "(1) at least one of its members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *See Fellowship of Christian Athletes*, 82 F.4th at 681.

The Trump Campaign cannot establish associational standing on behalf of Nevada voters because the Campaign does not allege that it has any members who live or vote in Nevada. (ECF No. 1 at 5.) Regardless of whether an individual voter *could* have standing under the theories Plaintiffs advance, the Trump Campaign has not established that it has a potentially qualifying member in the first place. Moreover, the purpose of the Trump Campaign—electing Donald J. Trump to public office—is not "germane" to vindicating individual voting rights. *See Fellowship of Christian Athletes*, 82 F.4th at 681. Nevada voters may be a means through which the Trump Campaign achieves its purpose; however, Nevadans' individual interests in their voting rights are "wholly distinct" from the interests of the Campaign. *Trump for President v. Cegavske*, 488 F. Supp. 3d at 999 (explaining that the Trump Campaign is only "a reserve of funds set aside for that campaign"); *accord Donald J. Trump for President, Inc. v. Boockvar*, 502 F. Supp. 3d 899, 915 (M.D. Pa. 2020), *aff'd sub nom. Donald J. Trump for President, Inc. v. Sec'y of Pa.*, 830 F. App'x 377 (3d Cir. 2020).

The associational standing of the RNC and Nevada GOP does not suffer from the same defects. *See Trump for President v. Cegavske*, 488 F. Supp. 3d at 999. Both groups stated that they have members who are registered to vote in Nevada and "vital interests in protecting the ability of Republican voters to cast . . . effective votes in Nevada elections." (ECF No. 1 at 4-5.) But the Court rejects their associational standing argument for the reasons stated below.

/ / /

11

1    ### 2.    Individual Standing

2    The Court will now turn to whether Szymanski and the individual members of the

3    RNC and Nevada GOP (collectively, "Voter Plaintiffs") have standing to sue in their own

4    right under the theory of vote dilution.

5    Vote dilution has been repeatedly rejected by federal courts, including this Court,

6    as an insufficient injury in fact to support standing when the alleged harm is predicated

7    upon the counting of illegitimate or otherwise invalid ballots and equally affects all voters

8    in a state. *See, e.g.*, *Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev. 2020); *Trump*

9    *for President v. Cegavske*, 488 F. Supp. 3d at 1000; *Bowyer v. Ducey*, 506 F. Supp. 3d

10   699, 711-12 (D. Ariz. 2020); *Bognet*, 980 F.3d at 352-60; *Wood v. Raffensperger*, 981

11   F.3d 1307, 1314-15 (11th Cir. 2020); *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-

12   1161, 2022 WL 1699425, at *2 (10th Cir. May 27, 2022), *cert. denied*, 143 S. Ct. 489

13   (2022); *Feehan v. Wis. Elections Comm'n*, 506 F. Supp. 3d 596, 609-10 (E.D. Wis. 2020);

14   *Bost v. Ill. State Bd. of Elections*, 684 F. Supp. 3d 720, 731-33 (N.D. Ill. 2023); *Moore v.*

15   *Circosta*, 494 F. Supp. 3d 289, 312-13 (M.D.N.C. 2020); *Martel v. Condos*, 487 F. Supp.

16   3d 247, 253 (D. Vt. 2020). *But see Green v. Bell*, No. 3:21-CV-00493-RJC-DCK, 2023

17   WL 2572210, at *4-5 (W.D.N.C. Mar. 20, 2023) (vote dilution and loss of confidence in

18   elections were concrete injuries where violations of the National Voter Registration Act

19   allegedly allowed ineligible persons to vote).

20   Today's holding is no different. Just because the number of actual Nevadan voters

21   is smaller than the population of all eligible voters in the state does not mean that the

22   undifferentiated dilution of each vote cast in Nevada is a particularized injury. Counting

23   ballots received after Election Day does not specifically disadvantage any one voter,

24   "even if the error might have a 'mathematical impact on the final tally and thus on the

25   proportional effect of every vote.'" *Wood*, 981 F.3d at 1314 (quoting *Bognet*, 980 F.3d at

26   359-60); *see also Moore*, 494 F. Supp. 3d at 312-13. Reductions in individual voting

27   power from counting 'late' mail ballots are felt equally by all voters in Nevada and do not

28   present "an individual and personal injury of the kind required for Article III standing." *Gill*

12

1   *v. Whitford*, 585 U.S. 48, 68 (2018). Voter Plaintiffs cannot avoid this conclusion "by

2   describing one group of voters as 'those who lawfully vote in person and submit their

3   ballots on time' and the other group of voters as those whose mail-in ballots arrive after

4   Election Day." *Bognet*, 980 F.3d at 358 (ellipses and parentheses omitted).

5          Nor can framing vote dilution in terms of Republican voting power in Nevada render

6   the injury particularized. Partisan vote dilution can, of course, confer standing when the

7   injury "arises from the particular composition of the voter's *own* district, which causes his

8   vote . . . to carry less weight than it would carry in another, hypothetical district." *Gill*, 585

9   U.S. at 67 (emphasis added). In contrast, a *statewide* detriment to the Voter Plaintiffs'

10  collective interests in Republican representation is not sufficiently particularized to confer

11  standing. *See id.* at 68. The Nevada mail ballot receipt deadline does not have an

12  "individual and personal" effect on the voting power of Republican voters; it neither

13  undermines their access to the polls nor disproportionately diminishes the weight of their

14  votes relative to other Nevada voters. *Id.* at 67; *see also Toth v. Chapman*, No. 1:22-CV-

15  00208, 2022 WL 821175, at *7 (M.D. Pa. Mar. 16, 2022). Any remaining theory of partisan

16  vote dilution boils down to the fact that Democrats have used an equally available process

17  for casting ballots more often. (ECF No. 1 at 13.) That Democrats' mail ballots are

18  counted, and that this inherently reduces Republicans' political power in the state, is an

19  incognizable generalized grievance about the "composition and policymaking" of elected

20  officials. *Gill*, 585 U.S. at 68.

21         The existence of different rules for mail and in-person voting likewise is not an

22  injury in fact. Voter Plaintiffs do not assert that the difference in voting regulations has

23  harmed them in some concrete way. Now that the Court has rejected their theories of

24  vote dilution, the sole remaining alleged harm is that mail ballots received after Election

25  Day are "necessarily invalid" under federal law but can still be counted. (ECF No. 1 at 16.)

26  Even assuming Plaintiffs are correct on the merits, the "only injury [they] allege is that the

27  law . . . has not been followed." *Lance*, 549 U.S. at 442. This is "precisely the kind of

28  undifferentiated, generalized grievance about the conduct of government" that the

1   Supreme Court refuses to recognize as an injury in fact. *Id.* As "Article III does not

2   contemplate a system where 330 million citizens can come to federal court whenever they

3   believe that the government is acting contrary to the Constitution or other federal law,"

4   Voter Plaintiffs have not established that they have standing to challenge Nevada's mail

5   ballot receipt deadline. *All. for Hippocratic Med.*, 602 U.S. at 382.

6       None of Plaintiffs' theories of standing meets the threshold requirements of Article

7   III, and consequently the Court does not have subject-matter jurisdiction over this case.

8   *See City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015). Article III thus leaves

9   the "crucial" decision as when mail ballots must be received in Nevada "to the political

10  processes, where democratic debate can occur and a wide variety of interests and views

11  can be weighed." *All. for Hippocratic Med.*, 602 U.S. at 380 (quotation marks omitted).

12      The Government Defendants' and Non-Profit Intervenors' motions to dismiss are

13  granted as to Plaintiffs' standing. All other motions are denied as moot for lack of subject-

14  matter jurisdiction.

15  **IV.    CONCLUSION**

16      The Court notes that the parties made several arguments and cited several cases

17  not discussed above. The Court has reviewed these arguments and cases and

18  determines that they do not warrant discussion, as they do not affect the outcome of the

19  motions before the Court.

20      It is therefore ordered that the Government Defendants' and Non-Profit

21  Intervenors' motions to dismiss (ECF Nos. 60, 69) are granted under Federal Rule of Civil

22  Procedure 12(b)(1) because Plaintiffs have failed to demonstrate that the Court has

23  standing to exercise jurisdiction over this case.

24      It is further ordered that the DNC's motion to dismiss (ECF No. 59) and the

25  American Civil Liberties Union of Nevada's motion for leave to file an amicus curiae brief

26  (ECF No. 76) are denied as moot because the Court lacks subject-matter jurisdiction to

27  resolve them.

28      The Clerk of Court is directed to close this case and enter judgment accordingly.

14

DATED THIS 17th Day of July 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

1    Alicia R. Ashcraft (NV Bar No. 6980)
     Jeffrey F. Barr (NV Bar No. 7269)
2    Ashcraft & Barr LLP
     8275 South Eastern Avenue, Suite 200
3    Las Vegas, NV 89123
     (702) 631-4755
4    barrj@ashcraftbarr.com

5    Thomas R. McCarthy* (VA Bar No. 47145)
     Conor D. Woodfin* (VA Bar No. 98937)
6    Thomas S. Vaseliou* (TX Bar No. 24115891)
     1600 Wilson Boulevard, Suite 700
7    Arlington, VA 22209
     (703) 243-9423
8    tom@consovoymccarthy.com
     conor@consovoymccarthy.com
9    tvaseliou@consovoymccarthy.com

10   Sigal Chattah (NV Bar No. 8264)
     5875 S. Rainbow Blvd #204
11   Las Vegas, NV 89118
     (702) 360-6200
12   sigal@thegoodlawyerlv.com

13   David A. Warrington* (VA Bar No. 72293)
     Gary M. Lawkowski* (VA Bar No. 82329)
14   2121 Eisenhower Avenue, Suite 608
     Alexandria, VA 22314
15   703-574-1206
     DWarrington@dhillonlaw.com
16   GLawkowski@dhillonlaw.com

17   Michael A. Columbo* (CA Bar No. 271283)
     177 Post Street, Suite 700
18   San Francisco, California 94108
     MColumbo@dhillonlaw.com
19
     *Pro hac vice application forthcoming
20

21

22

23

24

25

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

REPUBLICAN NATIONAL COMMITTEE;
NEVADA REPUBLICAN PARTY; DONALD J.
TRUMP FOR PRESIDENT 2024, INC.; and
DONALD J. SZYMANSKI,

           Plaintiffs,

    v.

CARI-ANN BURGESS, *in her official capacity as the
Washoe County Registrar of Voters*; JAN
GALASSINI, *in her official capacity as the Washoe
County Clerk*; LORENA PORTILLO, *in her official
capacity as the Clark County Registrar of Voters*; LYNN
MARIE GOYA, *in her official capacity as the Clark
County Clerk*; FRANCISCO AGUILAR, *in his offi-
cial capacity as Nevada Secretary of State*,

           Defendants.

No. _____

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

     Plaintiffs the Republican National Committee, the Nevada Republican Party,
Donald J. Trump for President 2024, Inc., and Donald J. Szymanski bring this action to
challenge Section 293.269921 of the Nevada Revised Statutes. Plaintiffs allege as follows:

## **INTRODUCTION**

    1.     Under the U.S. Constitution, states have broad discretion to decide how to
conduct federal elections. But their election laws must comply with the higher law of
the U.S. Constitution and with federal laws enacted under it.

    2.     Exercising its constitutional power under the Elections Clause and the
Electors Clause, Congress has established a uniform, national day to elect members of
Congress and to appoint presidential electors. 2 U.S.C. §§1, 7; 3 U.S.C. §1. Congress
enacted these laws "to provide a uniform time of electing Representatives," Senators,
and presidential electors. Cong. Globe, 42d Cong., 2d Sess. 112 (1871).

3.     Nevada contravenes those federal laws by counting mail ballots that are received up to four business days after Election Day, Nev. Rev. Stat. §293.269921(1)(b), and by presuming that ballots received up to three days after Election Day "have been postmarked on or before the day of the election," *id.* §293.269921(2). Nevada effectively extends Nevada's federal election past the Election Day established by Congress.

4.     The result of Nevada's violation of federal law is that timely, valid ballots are diluted by untimely, invalid ballots, which violates the rights of candidates, campaigns, and voters under federal law.

5.     For these reasons, Section 293.269921 is unlawful and must be enjoined.

6.     In 2020, this Court dismissed a case for lack of standing that challenged an earlier law governing mail ballot deadlines. *See Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993 (D. Nev. 2020) (challenging Act of August 3, 2020, A.B. No. 4, 2020 Nev. Stat. 18, §20). That earlier law applied only to "elections impacted by emergencies or disasters." *Id.* In 2021, the Nevada Legislature codified post-election receipt of mail ballots for all elections, irrespective of emergencies or disasters. *See* Act of June 2, 2021, A.B. No. 321, 2021 Nev. Laws Ch. 248, §56. The organizational injuries alleged in that case were the need to divert resources to educate voters and combat voter fraud. This case is different. Among other bases for standing, the challenged law injures Plaintiffs here by causing competitive electoral harms and by requiring Plaintiffs to divert resources to conduct election activities beyond election day.

## **JURISDICTION AND VENUE**

7.     The Court has subject-matter jurisdiction because this case arises under the Constitution and laws of the United States. 28 U.S.C. §§1331, 1343.

2

Complaint for Declaratory and Injunctive Relief

1      8.     Venue is proper because at least one Defendant resides in this district and

2  all Defendants are residents of Nevada, and because a substantial part of the events

3  giving rise to the claims occurred in this district. *Id.* §1391(b).

4                                          **PARTIES**

5      9.     Plaintiff, the Republican National Committee (RNC), is the national com-

6  mittee of the Republican Party, as defined by 52 U.S.C. §30101(14), with its principal

7  place of business at 310 First Street S.E., Washington, DC 20003.

8      10.    The RNC organizes and operates the Republican National Convention,

9  which nominates a candidate for President and Vice President of the United States.

10      11.    The RNC represents over 30 million registered Republicans in all 50 states,

11  the District of Columbia, and the U.S. territories. It is comprised of 168 voting members

12  representing state Republican Party organizations, including three members who are

13  registered voters in Nevada.

14      12.    The RNC works to elect Republican candidates to state and federal office.

15  In November 2024, its candidates will appear on the ballot in Nevada for election to the

16  Presidency, U.S. Senate, and U.S. House of Representatives.

17      13.    The RNC has vital interests in protecting the ability of Republican voters

18  to cast, and Republican candidates to receive, effective votes in Nevada elections and

19  elsewhere. The RNC brings this suit to vindicate its own rights in this regard, and in a

20  representational capacity to vindicate the rights of its members, affiliated voters, and

21  candidates.

22      14.    The RNC also has an interest in opposing Nevada's constitutionally prob-

23  lematic mail ballot deadlines. Nevada's mail ballot deadline forces the RNC to divert

24  resources from in-person voting activities and election-integrity measures, and instead

25                                   3

1  spend money on mail ballot chase programs and post-election activities. The mail ballot

2  deadline also specifically and disproportionately harms Republican candidates.

3    15.    Plaintiff Nevada Republican Party (NVGOP) is a political party in Nevada

4  with its principal place of business at 2810 West Charleston Blvd. #69, Las Vegas, NV

5  89102. The Nevada Republican Central Committee (NRCC) is the NVGOP's governing

6  body. The NVGOP and NRCC exercise their federal and state constitutional rights of

7  speech, assembly, petition, and association to "provide the statutory leadership of the

8  Nevada Republican Party as directed in the Nevada Revised statutes," to "recruit, de-

9  velop, and elect representative government at the national, state, and local levels," and

10  to "promote sound, honest, and representative government at the national, state and

11  local levels." NRCC Bylaws, art. II, §§1.A-1.C.

12    16.    The NVGOP represents over 550,000 registered Republican voters in Ne-

13  vada.

14    17.    The NVGOP has the same interests in this case as the RNC and seeks to

15  vindicate those interests in the same ways.

16    18.    Plaintiff Donald J. Trump for President 2024, Inc. (Trump Campaign) is

17  the principal committee for President Donald J. Trump's campaign with its headquarters

18  in West Palm Beach, FL.

19    19.    The Trump Campaign has the same interests in this case as the RNC with

20  respect to the candidacy of President Trump and seeks to vindicate those interests in

21  the same ways.

22    20.    Donald J. Szymanski is a registered Nevada voter and resident of Clark

23  County. He regularly votes in Nevada's primary and general elections, and he plans to

24  vote in the November 2024 general election, including for U.S. President, Senate, and

25

4

Complaint for Declaratory and Injunctive Relief

House of Representatives. Mr. Szymanski is registered as a Republican, supports Republican candidates, and has volunteered on behalf of the Republican Party.

21.    Defendant Cari-Ann Burgess is the Registrar of Voters for Washoe County. She is the county's chief election officer and is responsible for "establish[ing] procedures for the processing and counting of mail ballots" in Washoe County. Nev. Rev. Stat. §293.269925(1); *see id.* §§293.269911-.269937, 244.164. Defendant Burgess is sued in her official capacity.

22.    Defendant Jan Galassini is the Washoe County Clerk. She is responsible for certifying the election results in Washoe County. Nev. Rev. Stat. §293.393. Defendant Galassini is sued in her official capacity.

23.    Defendant Lorena Portillo is the Registrar of Voters for Clark County. She is the county's chief election officer and is responsible for "establish[ing] procedures for the processing and counting of mail ballots" in Clark County. Nev. Rev. Stat. §293.269925(1); *see id.* §§293.269911-.269937, 244.164. Defendant Portillo is sued in her official capacity.

24.    Defendant Lynn Marie Goya is the Clark County Clerk. She is responsible for certifying the election results in Clark County. Nev. Rev. Stat. §293.393. Defendant Goya is sued in her official capacity.

25.    Defendant Francisco Aguilar is the Secretary of State of Nevada. He serves "as the Chief Officer of Elections" for Nevada and "is responsible for the execution and enforcement of the provisions of title 24 of NRS and all other provisions of state and federal law relating to elections in" Nevada. Nev. Rev. Stat. §293.124. He is sued in his official capacity.

Complaint for Declaratory and Injunctive Relief

## **ALLEGATIONS**

**I.    There is only one federal Election Day.**

26.    The U.S. Constitution's Elections Clause vests state legislatures with power to set the time, place, and manner of congressional elections. U.S. Const. art. I, §4, cl. 1.

27.    But the Elections Clause also reserves to "Congress" the power to "at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." *Id.*

28.    A law governs "'the election' of a Senator or Representative" when it "plainly refer[s] to the combined actions of voters and officials meant to make a final selection of an officeholder." *Foster v. Love*, 522 U.S. 67, 71 (1997).

29.    Exercising its constitutional power to pass laws governing elections for federal offices, Congress has established one specific day as the uniform, national Election Day for members of the United States House of Representatives and of the United States Senate. For both offices, the "Tuesday next after the 1st Monday in November" is "the day for the election." 2 U.S.C. §7 (elections for members of the House of Representatives held on that day "in every even numbered year"); *see also id.* §1 (Senators to be elected "[a]t the regular election held in any State next preceding the expiration of the term for which any Senator was elected to represent such State in Congress, at which a Representative to Congress is regularly by law to be chosen").

30.    The U.S. Constitution also vests in "Congress" the power to "determine the Time of chusing the Electors" for the offices of President and Vice President. U.S. Const. art. II, §1, cl. 4.

6

Complaint for Declaratory and Injunctive Relief

31.     Exercising that power, Congress has established that "[t]he electors of President and Vice President shall be appointed, in each State, on election day, in accordance with the laws of the State enacted prior to election day." 3 U.S.C. §1.

32.     Together, 2 U.S.C. §§1, 7, and 3 U.S.C. §1 establish the Tuesday after the first Monday in November as the uniform, national Election Day for members of Congress and as the uniform, national day for appointing electors for President and Vice President.

33.     Those "uniform rules for federal elections" are "binding on the States" and superior to conflicting state law. *Foster*, 522 U.S. at 69. "'[T]he regulations made by Congress are paramount to those made by the State legislature; and if they conflict therewith, the latter, so far as the conflict extends, ceases to be operative.'" *Id.* (quoting *Ex parte Siebold*, 100 U.S. 371, 384 (1879)). In other words, if a state law governing elections for federal offices "conflicts with federal law," that state law is "void." *Id.* at 74.

## II.  Nevada's mail ballot deadline extends the election beyond the federal election day.

34.     Under Nevada law, "[I]n order for a mail ballot to be counted for any election, the ballot must be … [m]ailed to the county clerk," "postmarked on or before the day of the election," and "[r]eceived by the clerk not later than 5 p.m. on the fourth day following the election." Nev. Rev. Stat. §293.269921(1).

35.     Nevada law further provides that "[i]f a mail ballot is received by mail not later than 5 p.m. on the third day following the election and the date of the postmark cannot be determined, the mail ballot shall be deemed to have been postmarked on or before the day of the election." *Id.* §293.269921(2).

7

Complaint for Declaratory and Injunctive Relief

36.     Each county clerk must "appoint a mail ballot central counting board for the election," which processes mail ballots "under the direction of the clerk." *Id.* §293.269929.

37.     "The mail ballot central counting board may begin counting the received mail ballots 15 days before the day of the election." *Id.* §293.269931.

38.     Each mail ballot central counting board "shall process the mail ballots in the following manner." *Id.* §293.269933.

    a.  First, "[t]he name of the voter, as shown on the return envelope, must be checked as if the voter were voting in person." *Id.*

    b.  Next, an election board officer marks "in the roster 'Received' by the name of the voter." *Id.*

    c.  "If the board determines the voter is entitled to cast a mail ballot and all other processing steps have been completed, the return envelope must be opened and the mail ballot counted." *Id.*

    d.  Then "[a]n election board officer shall indicate 'Voted' by the name of the voter." *Id.*

    e.  Last, empty mail-ballot envelopes and any envelopes containing rejected mail ballots must be returned to the clerk. *Id.*

39.     "The board must complete the count of all mail ballots on or before the seventh day following the election." *Id.* §293.269931.

40.     Nevada's law, regulations, and guidance require election officials to count ballots received after election day.

Complaint for Declaratory and Injunctive Relief

### III. **Nevada's mail ballot deadline violates federal law.**

41.     The next federal election will be held on Tuesday, November 5, 2024. In that election, Nevada will elect its next slate of presidential and vice-presidential electors, as well as a new Congressional delegation.

42.     Under Nevada's current law, mail ballots for the November 5 election postmarked by election day will be counted if received on or before 5 p.m. on November 9, 2024.

43.     Under Nevada's current law, mail ballots whose postmark date cannot be determined will be counted if received on or before 5 p.m. on November 8, 2024.

44.     Upon information and belief, election officials in Nevada have counted and will continue to count mail ballots that lack a postmark and are received on or before 5 p.m. on November 8, 2024. For example, the United States Postal Service does not postmark bulk rate mail, which means that a significant number of mail ballots will lack a postmark. Nevada election officials will count such ballots even if they are *sent* after Election Day.

45.     "When the federal statutes speak of 'the election' of a Senator or Representative, they plainly refer to the combined actions of voters and officials meant to make a final selection of an officeholder…." *Foster*, 522 U.S. at 71. "By establishing a particular day as 'the day' on which these actions must take place, the statutes simply regulate the time of the election, a matter on which the Constitution explicitly gives Congress the final say." *Id.* at 71-72.

46.     By holding voting open beyond the federal Election Day, Nevada violates federal law and harms plaintiffs.

Complaint for Declaratory and Injunctive Relief

47.     The RNC, NVGOP, and Trump Campaign intend to conduct their campaigns in accordance with federal law.

48.     The RNC, NVGOP, and Trump Campaign rely on provisions of federal and state law in conducting their campaigns, which include resources allocated to the post-election counting and certification processes. For example, Nevada law guarantees Plaintiffs the right to be represented on county mail ballot central counting boards. *See* Nev. Rev. Stat. §293.269929(2) ("The voters appointed as election board officers for the mail ballot central counting board must not all be of the same political party."). Nevada law also guarantees the right to observe the handling and counting of mail ballots. *See* Nev. Rev. Stat. §293.269931(1); Nev. Admin. Code §§293.322(3), (4); 356(1). Counting ballots received after Election Day thus requires Plaintiffs and their members to divert more time and money to post-election mail ballot activities. *See* Nev. Rev. Stat. §293.269931 (counting may continue up to "the seventh day following an election").

49.     Nevada's law also requires the RNC, NVGOP, and Trump Campaign to maintain mail-ballot-specific get-out-the-vote operations to encourage mail ballot voters to return their mail ballots through Election Day. Funding and staffing these operations diverts resources from in-person Election Day get-out-the-vote activities.

50.     In addition, late-arriving ballots are not valid, so counting them dilutes the weight of timely, valid ballots.

51.     Dilution of honest votes, to any degree, by the casting of fraudulent or illegitimate votes violates the right to vote.

52.     The Fourteenth Amendment of the U.S. Constitution protects the "the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 77 U.S. 533, 554 (1964). "Obviously included within the right to [vote], secured by

10

1   the Constitution, is the right of qualified voters within a state to cast their ballots and

2   have them counted." *United States v. Classic*, 313 U.S. 299, 315 (1941). "[T]he right to

3   have the vote counted" means counted "at full value without dilution or discount." *Reyn-*

4   *olds*, 377 U.S. at 555 n.29 (quoting *South v. Peters*, 339 U.S. 276, 279 (1950) (Douglas, J.,

5   dissenting)).

6       53.    Thus, both direct denials and practices that count invalid ballots dilute the

7   effectiveness of individual votes and violate the Fourteenth Amendment. *See id.* at 555

8   ("[T]he right of suffrage can be denied by a debasement or dilution of the weight of a

9   citizen's vote just as effectively as by wholly prohibiting the free exercise of the fran-

10  chise.").

11      54.    "Every voter in a federal … election, whether he votes for a candidate with

12  little chance of winning or for one with little chance of losing, has a right under the

13  Constitution to have his vote fairly counted, without its being distorted by fraudulently

14  cast votes." *Anderson v. United States*, 417 U.S. 211, 227 (1974); *see also Baker v. Carr*, 369

15  U.S. 186, 208 (1962).

16      55.    Fraudulent votes "debase[]" and "dilute" the weight of each validly cast

17  vote. *Anderson*, 417 U.S. at 227. When it comes to "'dilut[ing] the influence of honest

18  votes in an election,'" whether the dilution is "'in greater or less degree is immaterial'"—

19  it is a violation of the Fourteenth Amendment. *Id.* at 226.

20      56.    Because voting by mail is starkly polarized by party, that dilution directly

21  and specifically harms Plaintiffs. For example, according to the MIT Election Lab, 46%

22  of Democratic voters in the 2022 General Election mailed in their ballots, compared to

23  only 27% of Republicans. Charles Stewart III, *How We Voted in 2022*, at 10,

24

25

1    https://perma.cc/444Z-58ZY. That means the late-arriving mail ballots that are

2    counted disproportionately break for Democrats.

3        57.    Voting by mail is even more polarized by party in Nevada specifically. For

4    example, in Nevada's 2020 general election, 60.3% of Democratic voters voted by mail,

5    compared to just 36.9% of Republican voters. *See* Nev. Sec'y of State, *2020 General Elec-*

6    *tion Turnout*, https://perma.cc/Z6F3-SM4N. Likewise in its 2022 general election,

7    61.3% of Democrats and just 40% of Republicans voted by mail. *See* Nev. Sec'y of

8    State, *2022 General Election Turnout*, https://perma.cc/N7G7-RUQ9.

9        58.    Mail ballots from Democratic voters also tend to arrive late, in part because

10   "Democratic get-out-the-vote drives—which habitually occur shortly before election

11   day——may delay maximum Democratic voting across-the-board, and produce a 'blue

12   shift' in late mail ballots." Ed Kilgore, *Why Do the Last Votes Counted Skew Democratic?*,

13   Intelligencer (Aug. 10, 2020), https://perma.cc/R78D-3Q58. Indeed, "even if Republi-

14   cans and Democrats voted in person and by mail at identical levels, Democrats tend to

15   vote later, which in turn (particularly in elections with heavy voting by mail) means early

16   Republican leads in close races could be fragile." *Id.*

17       59.    According to data reported by the Nevada Secretary of State's office, in

18   the Nevada 2024 primary elections, Democrats disproportionately voted by mail com-

19   pared to Republicans. Office of Nev. Sec'y of State, *2024 Presidential Preference Primary*

20   *Turnout: Cumulative Presidential Preference Primary Election Turnout – Final* (Feb. 20, 2024),

21   perma.cc/7USY-5NMY. Democrats also had significantly more mail ballots rejected for

22   not being returned correctly. Office of Nev. Sec'y of State, *2024 Presidential Preference*

23   *Primary Turnout: Mail Ballot Information – Cumulative Totals* (Feb. 20, 2024),

24   perma.cc/7NTN-JV6L.

25
     Complaint for Declaratory and Injunctive Relief

60.     Counting mail ballots received after Election Day doesn't just dilute the valid ballots—it specifically and disproportionately harms Republican candidates and voters.

61.     These harms are irreparable.

<u>**COUNT I**</u>
**Equitable Relief Under *Ex parte Young***
**Violation of 3 U.S.C. §1, 2 U.S.C. §§1, 7**

62.     Plaintiffs incorporate all their prior allegations.

63.     The Supremacy Clause of the U.S. Constitution states that the "Laws of the United States … shall be the supreme Law of the Land." U.S. Const. Art. VI.

64.     Federal law provides that "[t]he electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President." 3 U.S.C. §1.

65.     For congressional offices, the "Tuesday next after the 1st Monday in November" is "the day for the election." 2 U.S.C. §7 (elections for members of the House of Representatives held on that day "in every even numbered year"); *see also id.* §1 (Senators to be elected "[a]t the regular election held in any State next preceding the expiration of the term for which any Senator was elected to represent such State in Congress, at which a Representative to Congress is regularly by law to be chosen").

66.     Congress established one specific day as the uniform, national Election Day for federal office. Federal law prohibits holding voting open after Election Day.

67.     A qualified ballot for federal office is not a legal vote unless it is received by the proper election officials by Election Day.

Complaint for Declaratory and Injunctive Relief

68.     Section 293.269921 of the Nevada Revised Statutes permits mail ballots that have been postmarked by Election Day to be counted if they are received up to four days after Election Day.

69.     Section 293.269921 thus holds voting open after Election Day and allows ballots to be cast after Election Day but still counted as lawfully cast votes. Federal law preempts Section 293.269921 as a result.

70.     This Court has the inherent power to review and enjoin violations of federal law by state officials. *Ex parte Young*, 209 U.S. 123 (1908). Congress has not evidenced an intent to limit equitable relief for violating 3 U.S.C. §1 or 2 U.S.C. §§1, 7.

71.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional and federal rights unless Defendants are enjoined from implementing and enforcing Section 293.269921.

## COUNT II
### Violation of the Right to Stand for Office (42 U.S.C. §1983)

72.     Plaintiffs incorporate all their prior allegations.

73.     Section 293.269921 requires counties to hold open voting and count ballots that have been cast after Election Day. Under federal law, those votes are not valid. 3 U.S.C. §1, 2 U.S.C. §7, 2 U.S.C. §1.

74.     Defendants, acting under color of Nevada law, have deprived and are depriving Plaintiffs of rights protected under the First and Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. §1983 by, among other things, forcing Plaintiffs to spend money, devote time, and otherwise injuriously rely on unlawful provisions of state law in organizing, funding, and running their campaigns.

Complaint for Declaratory and Injunctive Relief

75.    Defendants, acting under color of Nevada law, have deprived and are depriving Plaintiffs of rights protected under the First Amendment and 14th Amendment to the U.S. Constitution in violation of 42 U.S.C. §1983.

76.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing Section 293.269921.

### <u>COUNT III</u>
### <u>Violation of the Right to Vote (42 U.S.C. §1983)</u>

77.    Plaintiffs incorporate all their prior allegations.

78.    Section 293.269921 requires counties to hold open voting and count ballots that have been cast after Election Day. Under federal law, those votes are not valid. 3 U.S.C. §1, 2 U.S.C. §7, 2 U.S.C. §1.

79.    Dilution of honest votes, to any degree, by the casting of fraudulent or illegitimate votes violates the right to vote. *Reynolds*, 377 U.S. at 555; *Anderson*, 417 U.S. at 226-27; *Baker*, 369 U.S. at 208.

80.    Nevada's voting system permits illegitimate votes and therefore violates the Fourteenth Amendment to the U.S. Constitution.

81.    Defendants have acted and will continue to act under color of state law to violate the Fourteenth Amendment.

82.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional and federal rights unless Defendants are enjoined from implementing and enforcing Section 293.269921.

### <u>PRAYER FOR RELIEF</u>

Plaintiffs ask this Court to enter judgment in their favor and provide the following

15

Complaint for Declaratory and Injunctive Relief

ER-34

relief:

A.   A declaratory judgment that the relevant parts of Nev. Rev. Stat. §293.269921 violate the Fourteenth Amendment, 2 U.S.C. §§1, 7, and 3 U.S.C. §1;

B.   Preliminary and permanent injunctions prohibiting Defendants from implementing and enforcing the relevant parts of Nev. Rev. Stat. §293.269921, including prohibiting Defendants from counting mail ballots for federal office for the November 2024 general election that are received by election officials after the day of the election; or, alternatively, prohibiting Defendants from counting ballots for federal office for the November 2024 general election that are not postmarked by the day of the election;

C.   Plaintiffs' reasonable costs and expenses of this action, including attorneys' fees; and

D.   All other further relief that Plaintiffs may be entitled to.

Complaint for Declaratory and Injunctive Relief

1    Dated: May 3, 2024                    Respectfully submitted,

2    Thomas R. McCarthy*                   /s/ Alicia R. Ashcraft
3        VA Bar No. 47145                  Alicia R. Ashcraft (NV Bar No. 6980)
     Conor D. Woodfin*                     ASHCRAFT & BARR LLP
4        VA Bar No. 98937                  8275 South Eastern Ave., Suite 200
     Thomas S. Vaseliou*                   Las Vegas, NV 89123
5        TX Bar No. 24115891               (702) 631-4755
     CONSOVOY MCCARTHY PLLC                barrj@ashcraftbarr.com
6    1600 Wilson Boulevard, Suite 700
7    Arlington, VA 22209                   Counsel for the RNC, Donald J. Trump
     (703) 243-9423                        for President 2024, Inc., and Donald J.
8    tom@consovoymccarthy.com              Szymanski
     conor@consovoymccarthy.com
9    tvaseliou@consovoymccarthy.com        /s/ Sigal Chattah

10   Counsel for Plaintiffs                Sigal Chattah (NV Bar No. 8264)
                                           CHATTAH LAW GROUP
11                                         5875 S. Rainbow Blvd #204
12   David A. Warrington*                  Las Vegas, NV 89118
         VA Bar No. 72293                  (702) 360-6200
13   Gary M. Lawkowski*                    sigal@thegoodlawyerlv.com
         VA Bar No. 82329
14   DHILLON LAW GROUP, INC.               Counsel for the Nevada Republican Party
15   2121 Eisenhower Avenue, Suite 608
     Alexandria, VA 22314
16   703-574-1206
     DWarrington@dhillonlaw.com
17   GLawkowski@dhillonlaw.com

18   Michael A. Columbo*
         CA Bar No. 271283
19   DHILLON LAW GROUP, INC.
20   177 Post Street, Suite 700
     San Francisco, California 94108
21   MColumbo@dhillonlaw.com

22   Counsel for Donald J. Trump for President
     2024, Inc.
23
     *pro hac vice application forthcoming
24

25                                    17
     Complaint for Declaratory and Injunctive Relief               ER-36

Jeffrey F. Barr (NV Bar No. 7269)
8275 South Eastern Avenue, Suite 200
Las Vegas, NV 89123
(702) 631-4755
barrj@ashcraftbarr.com

Thomas R. McCarthy* (VA Bar No. 47145)
Conor D. Woodfin* (VA Bar No. 98937)
Thomas S. Vaseliou* (TX Bar No. 24115891)
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com
tvaseliou@consovoymccarthy.com

Sigal Chattah (NV Bar No. 8264)
5875 S. Rainbow Blvd #204
Las Vegas, NV 89118
(702) 360-6200
sigal@thegoodlawyerlv.com

David A. Warrington* (VA Bar No. 72293)
Gary M. Lawkowski* (VA Bar No. 82329)
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703-574-1206
DWarrington@dhillonlaw.com
GLawkowski@dhillonlaw.com

Michael A. Columbo* (CA Bar No. 271283)
177 Post Street, Suite 700
San Francisco, California 94108
MColumbo@dhillonlaw.com
*admitted pro hac vice

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, et al., | No. 3:24-cv-198-MMD-CLB |
| Plaintiffs, | |
| v. | **NOTICE OF APPEAL** |
| CARI-ANN BURGESS, et al., | |
| Defendants. | |

1    The Republican National Committee, Nevada Republican Party, Donald J.

2    Trump for President 2024, Inc., and Donald J. Szymanski provide this notice of appeal

3    to the U.S. Court of Appeals for the Ninth Circuit from this Court's final judgment

4    entered on July 17, 2024, dismissing the case, *see* Doc. 89.

5

6    Dated: August 16, 2024                  Respectfully submitted,

7    Thomas R. McCarthy*                     */s/ Jeffrey F. Barr*
         VA Bar No. 47145
8    Conor D. Woodfin*                       Jeffrey F. Barr (NV Bar No. 7269)
         VA Bar No. 98937                    ASHCRAFT & BARR LLP
9    Thomas S. Vaseliou*                     8275 South Eastern Ave., Suite 200
         TX Bar No. 24115891                 Las Vegas, NV 89123
10   CONSOVOY MCCARTHY PLLC                  (702) 631-4755
     1600 Wilson Boulevard, Suite 700        barrj@ashcraftbarr.com
     Arlington, VA 22209
11   (703) 243-9423                          *Counsel for the RNC, Donald J.*
     tom@consovoymccarthy.com                *Trump for President 2024, Inc., and*
12   conor@consovoymccarthy.com              *Donald J. Szymanski*
     tvaseliou@consovoymccarthy.com
13
     *Counsel for Plaintiffs*                */s/ Sigal Chattah*
14
15                                           Sigal Chattah (NV Bar No. 8264)
     David A. Warrington*                    CHATTAH LAW GROUP
16       VA Bar No. 72293                    5875 S. Rainbow Blvd #204
     Gary M. Lawkowski*                      Las Vegas, NV 89118
17       VA Bar No. 82329                    (702) 360-6200
     DHILLON LAW GROUP, INC.                 sigal@thegoodlawyerlv.com
18   2121 Eisenhower Avenue, Suite 608
     Alexandria, VA 22314                    *Counsel for the Nevada Republican*
19   703-574-1206                            *Party*
     DWarrington@dhillonlaw.com
20   GLawkowski@dhillonlaw.com

21   Michael A. Columbo*
         CA Bar No. 271283
22   DHILLON LAW GROUP, INC.
     177 Post Street, Suite 700
23   San Francisco, California 94108
     MColumbo@dhillonlaw.com
24
     *Counsel for Donald J. Trump for*
25   *President 2024, Inc.*

26   *admitted pro hac vice*

27

28
                                      1
     Notice of Appeal

## **CERTIFICATE OF SERVICE**

This filing was served on all appearing parties on the 16th day of August 2024 by electronic service by way of the Court's ECF System.

*/s/ Jeffrey F. Barr*
An employee of Ashcraft & Barr LLP

Notice of Appeal

CLOSED,APPEAL

# United States District Court
## District of Nevada (Reno)
### CIVIL DOCKET FOR CASE #: 3:24−cv−00198−MMD−CLB

Republican National Committee et al v. Burgess et al
Assigned to: Judge Miranda M. Du
Referred to: Magistrate Judge Carla Baldwin
Case in other court:  9th Circuit, 24−05071
Cause: 28:1331 Fed. Question

Date Filed: 05/03/2024
Date Terminated: 07/17/2024
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**Republican National Committee**            represented by    **Alicia R Ashcraft**
Ashcraft & Barr LLP
9205 West Russell Road
Ste 240
Las Vegas, NV 89148
702−631−4755
Fax: 702−631−4755
Email: ashcrafta@ashcraftbarr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Conor Woodfin**
Consovoy McCarthy PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703−243−9423
Email: conor@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gilbert C. Dickey**
Consovoy McCarthy, PLLC
1600 Wilson Boulevard
Ste 700
Arlington, VA 22209
703−243−9423
Email: gilbert@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Frederick Barr**
Ashcraft Barr LLP
9205 West Russell Road
Ste 240
Las Vegas, NV 89148
702−631−4755
Fax: 702−631−4755
Email: barrj@ashcraftbarr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sigal Chattah**
Chattah Law Group
5875 S Rainbow Blvd #203
Las Vegas, NV 89118
702−360−6200
Fax: 702−643−6292
Email: Chattahlaw@gmail.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Thomas McCarthy**
Consovoy McCarthy PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703−243−9423
Email: tom@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Warrington**
Dhillon Law Group, Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703−574−1206
Fax: 703−574−1206
Email: dwarrington@dhillonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Lawkowski**
Dhillon Law Group, Inc.
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
703−574−1654
Email: glawkowski@dhillonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Columbo**
177 Post Street, Ste 700
San Francisco, CA 94108
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas S. Vaseliou**
Consovoy McCarthy PLLC
1600 Wilson Blvd
Ste 700
22209
Arlington, VA 22209
321−223−3092
Email: tvaseliou@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nevada Republican Party**                represented by  **Alicia R Ashcraft**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Conor Woodfin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gilbert C. Dickey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Jeffrey Frederick Barr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sigal Chattah**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas McCarthy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Warrington**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Lawkowski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Columbo**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas S. Vaseliou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald J. Trump for President 2024, Inc.**

represented by **Alicia R Ashcraft**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Conor Woodfin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Warrington**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gilbert C. Dickey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Frederick Barr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Columbo**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sigal Chattah**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas McCarthy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas S. Vaseliou**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Szymanski**                    represented by   **Alicia R Ashcraft**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Conor Woodfin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gilbert C. Dickey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Frederick Barr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sigal Chattah**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas McCarthy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas S. Vaseliou**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cari–Ann Burgess**
*in her official capacity as the Washoe County Registrar of Voters*

represented by **Elizabeth Hickman**
Washoe County District Attorney
1 S Sierra St
Reno, NV 89501
775–337–5700
Email: ehickman@da.washoecounty.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jan Galassini**
*in her official capacity as the Washoe County Clerk*

represented by **Elizabeth Hickman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lorena Portillo**
*in her official capacity as the Clark County Registrar of Voters*

represented by **Lisa Logsdon**
Clark County District Attorney Civil Division
500 S. Grand Central Pkwy., #5075
Las Vegas, NV 89155–2215
702–455–4761
Fax: 702–382–5178
Email: Lisa.Logsdon@ClarkCountyDANV.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lynn Marie Goya**
*in her official capacity as the Clark County Clerk*

represented by **Lisa Logsdon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Francisco Aguilar**
*in his official capacity as Nevada Secretary of State*

represented by **Laena St–Jules**
Office of the Nevada Attorney General
100 North Carson Street
Carson City, NV 89701
775–684–1265
Email: lstjules@ag.nv.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Civil Liberties Union Of Nevada**

represented by **Hayden Johnson**
Protect Democracy Project
2020 Pennsylvania Ave. NW
Ste 163
Washington, DC 20006
202–870–3210
Email: hayden.johnson@protectdemocracy.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sadmira Ramic**
ACLU of Nevada
601 S. Rancho Dr.
Ste B–11
Las Vegas, NV 89106
502–693–5212
Email: ramic@aclunv.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aseem Mulji**
Campaign Legal Center
1101 14th Street NW
Suite 400
Washington, DC 20005
202−736−2200
Email: amulji@campaignlegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Vet Voice Foundation**                    represented by    **Christopher D. Dodge**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202−986−4490
Email: cdodge@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Bravo**
Bravo Schrager, LLP
6675 South Tenaya Way
Suite 200−A
Las Vegas, NV 89113
702−996−1724
Email: daniel@bravoschrager.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Robert Fox**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202−968−4546
Email: dfox@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Scott Schrager**
Bravo Schrager, LLP
6675 South Tenaya Way
Suite 200
Las Vegas, NV 89113
702−996−1724
Email: bradley@bravoschrager.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Nevada Alliance for Retired**             represented by    **Christopher D. Dodge**
**Americans**                                                (See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Bravo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Robert Fox**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Scott Schrager**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Democratic National Committee**　　　represented by　**Alex R. Velto**
Reese Velto, PLLC
200 S. Virigina Street
Suite 655
Reno, NV 89501
775−446−8096
Email: alex@rrvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Devon T. Reese**
Reese Velto PLLC
200 S. Virginia Street
Suite 655
Reno, NV 89501
775−446−8092
Email: devon@rrvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Heath Hyatt**
Perkins Coie
1201 Third Avenue
Suite 4900
Seattle, WA 98101
206−359−3843
Email: hhyatt@perkinscoie.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin J. Hamilton**
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101−3099
206−359−8741
Email: khamilton@perkinscoie.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Margo S. Jasukaitis**
Perkins Coie LLP
1201 3rd Ave
#4900
Seattle, WA 98101
206−359−8000
Fax: 206−359−7150
Email: mjasukaitis@perkinscoie.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathan R. Ring**
Reese Ring Velto PLLC
3100 W. Charleston Blvd.
Ste. 208
Las Vegas, NV 89102
725−235−9750
Email: nathan@rrvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Henry Stewart**
Brownstein Hyatt Farber Schreck, LLP
100 N. City Parkway
Ste 1600
Las Vegas, NV 89106
702−382−2101
Email: dstewart@bhfs.com
*TERMINATED: 05/23/2024*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2024 | 1 | COMPLAINT against All Defendants (Filing fee $405 receipt number ANVDC−7673557) by Donald J. Trump for President 2024, Inc., Republican National Committee, Donald Szymanski, Nevada Republican Party. Certificate of Interested Parties due by 5/13/2024. Proof of service due by 8/1/2024. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons Summons (Burgess), # 3 Summons Summons (Galassini), # 4 Summons Summons (Portillo), # 5 Summons Summons (Goya), # 6 Summons Summons (Aguilar)) (Ashcraft, Alicia) <br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1−1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 05/03/2024) |
| 05/03/2024 | 2 | CERTIFICATE of Interested Parties by Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. There are no known interested parties other than those participating in the case (Ashcraft, Alicia) (Entered: 05/03/2024) |
| 05/03/2024 | 3 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11−2. Counsel Thomas R. McCarthy to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website − www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER **www.pacer.gov** to register Attorney. Verified Petition due by 5/17/2024. (**no image attached**) (WJ) (Entered: 05/03/2024) |
| 05/03/2024 | 4 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11−2. Counsel Conor D. Woodfin to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website − www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER **www.pacer.gov** to register Attorney. Verified Petition due by 5/17/2024. (**no image attached**) (WJ) (Entered: 05/03/2024) |
| 05/03/2024 | 5 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11−2. Counsel Thomas S. Vaseliou to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website − www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER **www.pacer.gov** to register Attorney. Verified Petition due by 5/17/2024. (**no image attached**) (WJ) (Entered: 05/03/2024) |
| 05/03/2024 | 6 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11−2. Counsel David A. Warrington to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website − |

| | | |
|---|---|---|
| | | www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER **www.pacer.gov** to register Attorney. Verified Petition due by 5/17/2024. **(no image attached)** (WJ) (Entered: 05/03/2024) |
| 05/03/2024 | 7 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11−2. Counsel Gary M. Lawkowski to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website − www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER **www.pacer.gov** to register Attorney. Verified Petition due by 5/17/2024. **(no image attached)** (WJ) (Entered: 05/03/2024) |
| 05/03/2024 | 8 | NOTICE TO COUNSEL PURSUANT TO LOCAL RULE IA 11−2. Counsel Michael A. Columbo to comply with completion and filing of the Verified Petition and Designation of Local Counsel. The form is available on the Court's website − www.nvd.uscourts.gov. Counsel is required to register for the court's electronic filing system at PACER **www.pacer.gov** to register Attorney. Verified Petition due by 5/17/2024. **(no image attached)** (WJ) (Entered: 05/03/2024) |
| 05/06/2024 | | Case randomly assigned to Judge Larry R. Hicks and Magistrate Judge Carla Baldwin. (DRM) (Entered: 05/06/2024) |
| 05/06/2024 | 9 | SUMMONS ISSUED as to all Defendants. (Attachments: # 1 Glassini, # 2 Portillo, # 3 Goya, # 4 Aguilar) (DRM) (Main Document 9 replaced on 5/7/2024) (DLS). (Entered: 05/06/2024) |
| 05/06/2024 | 10 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Larry R. Hicks on 5/6/2024.<br><br>With good cause appearing, the Honorable Judge Larry R. Hicks recuses himself in this action. IT IS ORDERED that this action is referred to the Clerk for random reassignment of this case for all further proceedings. **(no image attached)** (Copies have been distributed pursuant to the NEF − KJM) (Entered: 05/06/2024) |
| 05/06/2024 | 11 | CLERK'S NOTICE that this case is randomly reassigned to District Judge Anne R. Traum for all further proceedings. All further documents must bear the correct case number **3:24−cv−0198−ART−CLB**. **(no image attached)** (WJ) (Entered: 05/06/2024) |
| 05/07/2024 | 12 | NOTICE of Corrected Document re 9 Summons Issued as to Cari−Ann Burgess Registrar of Voters for Washoe County (Service of corrected image is attached; Main Document at 9 replaced.) (DLS) (Entered: 05/07/2024) |
| 05/09/2024 | 13 | MINUTE ORDER IN CHAMBERS of the Honorable District Judge Anne R. Traum on 5/9/2024.<br><br>With good cause appearing, the Honorable District Judge Anne R. Traum recuses herself in this action. IT IS ORDERED that this action is referred to the Clerk for random reassignment of this case for all further proceedings.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF − DWU) (Entered: 05/09/2024) |
| 05/09/2024 | 14 | CLERK'S NOTICE that this case is randomly reassigned to Chief Judge Miranda M. Du for all further proceedings. All further documents must bear the correct case number **3:24−cv−0198−MMD−CLB**. **(no image attached)** (WJ) (Entered: 05/09/2024) |
| 05/10/2024 | 15 | MOTION to Intervene *Motion to Intervene as Defendants* by Intervenor Defendants Vet Voice Foundation, Nevada Alliance for Retired Americans. Responses due by 5/24/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schrager, Bradley) (Entered: 05/10/2024) |
| 05/13/2024 | 16 | NOTICE *Notice Filed Pursuant to Local Rule IA 11−1(b)(2)* by Nevada Alliance for Retired Americans, Vet Voice Foundation. (Schrager, Bradley) (Entered: 05/13/2024) |
| 05/13/2024 | 17 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Kevin J. Hamilton and DESIGNATION of Local Counsel Daniel H. Stewart (Filing fee $ 250 receipt number ANVDC−7683363) by Intervenor Defendant Democratic National Committee. (Stewart, Daniel) (Entered: 05/13/2024) |

| | | |
|---|---|---|
| 05/13/2024 | <u>18</u> | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Margo S. Jasukaitis and DESIGNATION of Local Counsel Daniel H. Stewart (Filing fee $ 250 receipt number ANVDC−7683393) by Intervenor Defendant Democratic National Committee. (Stewart, Daniel) (Entered: 05/13/2024) |
| 05/13/2024 | <u>19</u> | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Heath Hyatt and DESIGNATION of Local Counsel Daniel H. Stewart (Filing fee $ 250 receipt number ANVDC−7683399) by Intervenor Defendant Democratic National Committee. (Stewart, Daniel) (Entered: 05/13/2024) |
| 05/13/2024 | <u>20</u> | MOTION to Intervene by Intervenor Defendant Democratic National Committee. Responses due by 5/27/2024. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Stewart, Daniel) (Entered: 05/13/2024) |
| 05/14/2024 | <u>21</u> | ORDER approving ECF No. <u>17</u> Verified Petition for Permission to Practice Pro Hac Vice of Attorney Kevin J. Hamilton for Democratic National Committee and approving Designation of Local Counsel Daniel H. Stewart. Signed by Chief Judge Miranda M. Du on 5/14/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/14/2024) |
| 05/14/2024 | <u>22</u> | ORDER approving ECF No. <u>18</u> Verified Petition for Permission to Practice Pro Hac Vice of Attorney Margo S. Jasukaitis for Democratic National Committee and approving Designation of Local Counsel Daniel H. Stewart. Signed by Chief Judge Miranda M. Du on 5/14/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/14/2024) |
| 05/14/2024 | <u>23</u> | ORDER approving ECF No. <u>19</u> Verified Petition for Permission to Practice Pro Hac Vice of Attorney Heath Hyatt for Democratic National Committee and approving Designation of Local Counsel Daniel H. Stewart. Signed by Chief Judge Miranda M. Du on 5/14/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/14/2024) |
| 05/17/2024 | <u>24</u> | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Thomas R. McCarthy and DESIGNATION of Local Counsel Alicia R. Ashcraft (Filing fee $ 250 receipt number ANVDC−7689959) by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. (Attachments: # <u>1</u> Exhibit Certificate of Good Standing, # <u>2</u> Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | <u>25</u> | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Gilbert C. Dickey and DESIGNATION of Local Counsel Jeffrey F Barr (Filing fee $ 250 receipt number ANVDC−7689977) by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. (Attachments: # <u>1</u> Exhibit Certificate of Good Standing, # <u>2</u> Exhibit Certificate of Good Standing, # <u>3</u> Exhibit Certificate of Good Standing, # <u>4</u> Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | <u>26</u> | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Conor D. Woodfin and DESIGNATION of Local Counsel Jeffrey F Barr (Filing fee $ 250 receipt number ANVDC−7689984) by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. (Attachments: # <u>1</u> Exhibit Certificate of Good Standing, # <u>2</u> Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | <u>27</u> | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Thomas S. Vaseliou and DESIGNATION of Local Counsel Jeffrey F Barr (Filing fee $ 250 receipt number ANVDC−7689994) by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. (Attachments: # <u>1</u> Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/17/2024) |

| 05/17/2024 | 28 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by David A Warrington and DESIGNATION of Local Counsel Alicia R Ashcraft (Filing fee $ 250 receipt number ANVDC−7689998) by Plaintiff Donald J. Trump for President 2024, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing)(Barr, Jeffrey) Modified on 5/21/2024 (WJ). (Entered: 05/17/2024) |
|---|---|---|
| 05/17/2024 | 29 | SUMMONS Returned Executed by Donald J. Trump for President 2024, Inc., Republican National Committee, Donald Szymanski, Nevada Republican Party re 1 Complaint,,,. Francisco Aguilar served on 5/15/2024. (Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | 30 | SUMMONS Returned Executed by Donald J. Trump for President 2024, Inc., Republican National Committee, Donald Szymanski, Nevada Republican Party re 1 Complaint,,,. Cari−Ann Burgess served on 5/15/2024. (Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | 31 | SUMMONS Returned Executed by Donald J. Trump for President 2024, Inc., Republican National Committee, Donald Szymanski, Nevada Republican Party re 1 Complaint,,,. Jan Galassini served on 5/15/2024. (Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | 32 | SUMMONS Returned Executed by Donald J. Trump for President 2024, Inc., Republican National Committee, Donald Szymanski, Nevada Republican Party re 1 Complaint,,,. Lynn Marie Goya served on 5/9/2024. (Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | 33 | SUMMONS Returned Executed by Donald J. Trump for President 2024, Inc., Republican National Committee, Donald Szymanski, Nevada Republican Party re 1 Complaint,,,. Lorena Portillo served on 5/9/2024. (Barr, Jeffrey) (Entered: 05/17/2024) |
| 05/17/2024 | 34 | Unopposed MOTION to Extend Time (First Request) re 7 Notice for Desig of Local Counsel & VP,, 8 Notice for Desig of Local Counsel & VP,, by Plaintiff Donald J. Trump for President 2024, Inc.. Responses due by 5/31/2024. (Barr, Jeffrey) (presiding) (Entered: 05/17/2024) |
| 05/20/2024 | 35 | ORDER approving ECF No. 24 Verified Petition for Permission to Practice Pro Hac Vice of Attorney Thomas R. McCarthy for Republican National Committee, et al and approving Designation of Local Counsel Jeffrey F. Barr. Signed by Chief Judge Miranda M. Du on 5/20/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/20/2024) |
| 05/20/2024 | 36 | ORDER approving ECF No. 25 Verified Petition for Permission to Practice Pro Hac Vice of Attorney Gilbert C. Dickey for Republican National Committee, etc. and approving Designation of Local Counsel Jeffrey F. Barr. Signed by Chief Judge Miranda M. Du on 5/20/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/20/2024) |
| 05/20/2024 | 37 | ORDER approving ECF No. 26 Verified Petition for Permission to Practice Pro Hac Vice of Attorney Conor D. Woodfin for Republican National Committee, et al and approving Designation of Local Counsel Jeffrey F. Barr. Signed by Chief Judge Miranda M. Du on 5/20/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/20/2024) |
| 05/20/2024 | 38 | ORDER approving ECF No. 27 Verified Petition for Permission to Practice Pro Hac Vice of Attorney Thomas S. Vaseliou for Republican National Committee, et al and approving Designation of Local Counsel Jeffrey F Barr. Signed by Chief Judge Miranda M. Du on 5/20/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/20/2024) |
| 05/20/2024 | 39 | ORDER granting ECF No. 34 Unopposed MOTION to Extend Time (First Request). Mr. Gary Lawkowski is hereby ORDERED to file a Verified Petition and Designation |

| | | |
|---|---|---|
| | | ofLocal Counsel and for the court's electronic filing system at PACER by May 24, 2024. Mr. Michael Columbo is hereby ORDERED to file a Verified Petition and Designation of Local Counsel and for the court's electronic filing system at PACER by May 24, 2024. Signed by Chief Judge Miranda M. Du on 5/20/2024. (Copies have been distributed pursuant to the NEF − GA) (Entered: 05/20/2024) |
| 05/20/2024 | 40 | ORDER approving ECF No. 28 Verified Petition for Permission to Practice Pro Hac Vice of Attorney David A. Warrington for Donald J. Trump for President 2024, Inc. and approving Designation of Local Counsel Alicia R. Ashcraft. Signed by Chief Judge Miranda M. Du on 5/20/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Entered: 05/20/2024) |
| 05/21/2024 | 41 | STIPULATION *Substituting Designated Resident Nevada Counsel for Amicus* by Intervenor Defendant Democratic National Committee. (Ring, Nathan) (other) (attorney) (Entered: 05/21/2024) |
| 05/22/2024 | 42 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Christopher D. Dodge and DESIGNATION of Local Counsel Bradley S. Schrager (Filing fee $ 250 receipt number ANVDC−7694250) by Intervenor Defendants Nevada Alliance for Retired Americans, Vet Voice Foundation. (Schrager, Bradley) (Entered: 05/22/2024) |
| 05/22/2024 | 43 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Michael A. Columbo and DESIGNATION of Local Counsel Alicia R. Ashcraft (Filing fee $ 250 receipt number ANVDC−7694447) by Plaintiff Donald J. Trump for President 2024, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Exhibit Certificate of Good Standing, # 3 Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/22/2024) |
| 05/22/2024 | 44 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by David A. Warrington and DESIGNATION of Local Counsel Alicia R. Ashcraft (Filing fee $ 250 receipt number ANVDC−7694458) by Plaintiff Donald J. Trump for President 2024, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/22/2024) |
| 05/22/2024 | 45 | NOTICE: Attorney Action Required to 41 Stipulation. Attorney Nathan Ring advised to review document 41 . Document appears to have been filed in the wrong case. Please properly file your document in the correct case 2:24−cv−0518−CDS−MDC and file a notice of withdrawal of said document in this case. **(no image attached)** (WJ) (Entered: 05/22/2024) |
| 05/22/2024 | 46 | NOTICE *of Withdrawal of ECF 41* by Democratic National Committee re 41 Stipulation. (Ring, Nathan) (Entered: 05/22/2024) |
| 05/22/2024 | 47 | STIPULATION by Intervenor Defendant Democratic National Committee. (Ring, Nathan) (other) (attorney) (Entered: 05/22/2024) |
| 05/23/2024 | 48 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Gary Lawkowski and DESIGNATION of Local Counsel Alicia R. Ashcraft (Filing fee $ 250 receipt number ANVDC−7695399) by Plaintiff Donald J. Trump for President 2024, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Exhibit Certificate of Good Standing)(Barr, Jeffrey) (Entered: 05/23/2024) |
| 05/23/2024 | 49 | WITHDRAWAL of 44 Motion for Permission to Practice Pro Hac Vice − Verified Petition, by Plaintiff Donald J. Trump for President 2024, Inc.. (Barr, Jeffrey) (Entered: 05/23/2024) |
| 05/23/2024 | 50 | ORDER approving ECF No. 43 Verified Petition for Permission to Practice Pro Hac Vice of Michael A. Columbo for Donald J. Trump for President 2024, Inc. and approving Designation of Local Counsel Alicia R. Ashcraft. Signed by Chief Judge Miranda M. Du on 5/23/2024.<br>Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov<br>(Copies have been distributed pursuant to the NEF − GA) (Main Document 50 replaced on 5/23/2024) (KW). (Entered: 05/23/2024) |

| 05/23/2024 | 51 | MINUTE ORDER IN CHAMBERS of the Honorable Chief Judge Miranda M. Du on 5/23/2024. By Deputy Clerk: Karen Walker. |
| | | The Court has reviewed the Motion/Verified Petition for Permission to Practice Pro Hac Vice by Gary Lawkowski (ECF No. 48 ). Mr. Lawkowski is directed to file, under seal, the complaint filed with the State Bar of Arizona and an explanation as to how the matter was resolved. |
| | | **(no image attached)** (Copies have been distributed pursuant to the NEF − KW) (Entered: 05/23/2024) |
| 05/23/2024 | 52 | ORDER approving ECF No. 42 Verified Petition for Permission to Practice Pro Hac Vice of Christopher D. Dodge for Nevada Alliance for Retired Americans, Vet Voice Foundation and approving Designation of Local Counsel Bradley S. Schrager. Signed by Chief Judge Miranda M. Du on 5/23/2024. Any Attorney not yet registered with the Court's e−filng system shall register on the PACER website www.pacer.gov (Copies have been distributed pursuant to the NEF − GA) (Entered: 05/24/2024) |
| 05/23/2024 | 53 | ORDER − IT IS HEREBY ORDERED that the withdrawal of Daniel H. Stewart and Brownstein Hyatt Farber & Schreck as attorney of record for the Democratic National Committee in the above− entitled action is ACCEPTED. IT IS FURTHER ORDERED that Democratic National Committee will be represented in this matter by Nathan R. Ring, Alex Velto, and Devon Reese of Reese Ring Velto, PLLC and they are Designated the Resident Nevada Counsel for the Democratic National Committee. Signed by Chief Judge Miranda M. Du on 5/23/2024. (Copies have been distributed pursuant to the NEF − GA) (Entered: 05/24/2024) |
| 05/24/2024 | 54 | NON−OPPOSITION to 20 Motion to Intervene by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. (Barr, Jeffrey) (Entered: 05/24/2024) |
| 05/24/2024 | 55 | RESPONSE to 15 Motion to Intervene, by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. Replies due by 5/31/2024. (Barr, Jeffrey) (Entered: 05/24/2024) |
| 05/28/2024 | 56 | MINUTE ORDER IN CHAMBERS of the Honorable Chief Judge Miranda M. Du on 5/28/2024. The Democratic National Committee ("DNC") filed a motion to intervene as a defendant (ECF No. 20 ("Motion")), to which Plaintiffs submitted a notice of non−opposition (ECF No. 54 ) and Defendants did not respond. The Motion alleges that, if Plaintiffs receive their requested relief, the DNC will need to expend additional resources to educate Nevadan voters, some Democratic Nevada voters' ballots will not be counted, and electing Democratic candidates to public office will become more difficult. (ECF No. 20 .) The Court finds that the DNC may intervene as of right, as their Motion was timely, they have claimed significantly protectable interests in Nevada's mail ballot receipt deadline, those interests would be practically impaired if Plaintiffs prevail, and their interests are not adequately protected by the existing parties to this action. *See Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Even if intervention as of right were not warranted, the DNC has demonstrated that they meet the requirements of permissive intervention. The Motion was timely, the DNC does not raise new claims, and the DNC's arguments will share a common question of law or fact with the main action. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (holding that the Court does not need an independent basis for jurisdiction where, as here, a proposed intervenor raises no new claims). Moreover, Plaintiffs do not oppose the Motion, and Defendants are deemed to have consented by failing to file a response to the Motion. *See* LR 7−2(d). The Motion is therefore granted. (Copies have been distributed pursuant to the NEF − GIVM) (Entered: 05/28/2024) |
| 05/29/2024 | 57 | MOTION to remove attorney Daniel H. Stewart from the Electronic Service List in this case by Intervenor Defendant Democratic National Committee. (Stewart, Daniel) (Entered: 05/29/2024) |

| 05/29/2024 | 58 | ORDER GRANTING 57 Motion to Remove Attorney from Electronic Service List : Daniel H. Stewart, Esq., of Brownstein Hyatt Farber Schreck, LLP, removed on behalf of Intervenor−Defendant, Democratic National Committee. Signed by Magistrate Judge Carla Baldwin on 5/29/2024.; (Copies have been distributed pursuant to the NEF − DRM) (Entered: 05/30/2024) |
|---|---|---|
| 05/30/2024 | 59 | MOTION to Dismiss 1 Complaint,,, by Intervenor Defendant Democratic National Committee. Responses due by 6/13/2024. (Velto, Alex) (Entered: 05/30/2024) |
| 05/30/2024 | 60 | MOTION to Dismiss by Defendant Francisco Aguilar. Responses due by 6/13/2024. Certificate of Interested Parties due by 6/9/2024. Discovery Plan/Scheduling Order due by 7/14/2024. (St−Jules, Laena)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1−1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 05/30/2024) |
| 05/30/2024 | 61 | JOINDER to 60 Motion to Dismiss, by Defendants Lynn Marie Goya, Lorena Portillo. (Logsdon, Lisa) (Entered: 05/30/2024) |
| 05/31/2024 | 63 | JOINDER to 60 Motion to Dismiss, by Defendants Cari−Ann Burgess, Jan Galassini. (Hickman, Elizabeth) (Entered: 05/31/2024) |
| 05/31/2024 | 64 | REPLY to Response to 15 Motion to Intervene, by Intervenor Defendants Nevada Alliance for Retired Americans, Vet Voice Foundation. (Schrager, Bradley) (Entered: 05/31/2024) |
| 06/04/2024 | 65 | CIVIL STANDING ORDER − MAGISTRATE JUDGE CARLA BALDWIN. (Copies have been distributed pursuant to the NEF − HL) (Entered: 06/04/2024) |
| 06/04/2024 | 66 | ORDER TO FILE JOINT CASE MANAGEMENT REPORT − The parties shall file a joint case management report by no later than **Friday, July 19, 2024**. IT IS SO ORDERED. Signed by Magistrate Judge Carla Baldwin on 6/4/2024. (Copies have been distributed pursuant to the NEF − HL) (Entered: 06/04/2024) |
| 06/04/2024 | 67 | STANDING ORDER. This case has been assigned to the Honorable Miranda M. Du. Chief Judge Du's Civil Standing Order is posted on the U.S. District Court, District of Nevada public website and may be accessed directly via this hyperlink: www.nvd.uscourts.gov. (Copies have been distributed pursuant to the NEF − KW) (Entered: 06/04/2024) |
| 06/05/2024 | 68 | CERTIFICATE of Interested Parties by Nevada Alliance for Retired Americans, Vet Voice Foundation. There are no known interested parties other than those participating in the case (Bravo, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 69 | MOTION to Dismiss by Intervenor Defendants Nevada Alliance for Retired Americans, Vet Voice Foundation. Responses due by 6/19/2024. (Bravo, Daniel) (Entered: 06/05/2024) |
| 06/06/2024 | 70 | ORDER − It is therefore ordered that Vet Voice and NARA's motion to intervene (ECF No. 15 ) is granted. Signed by Chief Judge Miranda M. Du on 6/6/2024.(Copies have been distributed pursuant to the NEF − DLS) (Entered: 06/06/2024) |
| 06/07/2024 | 71 | MOTION to Dismiss by Intervenor Defendants Nevada Alliance for Retired Americans, Vet Voice Foundation. Responses due by 6/21/2024. (Bravo, Daniel) (Entered: 06/07/2024) |
| 06/12/2024 | 72 | CERTIFICATE of Interested Parties by Democratic National Committee. There are no known interested parties other than those participating in the case (Velto, Alex) (Entered: 06/12/2024) |
| 06/13/2024 | 73 | RESPONSE to 59 Motion to Dismiss by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. Replies due by 6/20/2024. (Barr, Jeffrey) (Entered: 06/13/2024) |
| 06/13/2024 | 74 | RESPONSE to 60 Motion to Dismiss, by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. Replies due by 6/20/2024. (Barr, Jeffrey) (Entered: 06/13/2024) |

| 06/14/2024 | 75 | ORDER GRANTING 48 Verified Petition for Permission to Practice Pro Hac Vice of Attorney Gary Lawkowski for Donald J. Trump for President 2023, Inc.,and approving Designation of Local Counsel Alicia R. Ashcraft. Signed by Chief Judge Miranda M. Du on 6/14/2024. Any Attorney not yet registered with the Court's e−filing system shall register on the PACER website www.pacer.gov (Copies have been distributed pursuant to the NEF − DRM) (Entered: 06/17/2024) |
|---|---|---|
| 06/18/2024 | 76 | MOTION for Leave to File Document by Defendant American Civil Liberties Union Of Nevada. Responses due by 7/2/2024. (Ramic, Sadmira) (dispositive) (Entered: 06/18/2024) |
| 06/20/2024 | 77 | REPLY to Response to 59 Motion to Dismiss by Intervenor Defendant Democratic National Committee. (Ring, Nathan) (Entered: 06/20/2024) |
| 06/20/2024 | 78 | REPLY to Response to 60 Motion to Dismiss, by Defendant Francisco Aguilar. (St−Jules, Laena) (Entered: 06/20/2024) |
| 06/20/2024 | 79 | JOINDER to 78 Reply by Defendants Cari−Ann Burgess, Jan Galassini. (Hickman, Elizabeth) (Entered: 06/20/2024) |
| 06/21/2024 | 80 | MINUTE ORDER IN CHAMBERS of the Honorable Chief Judge Miranda M. Du on 6/21/2024. The Court denies Alliance's proposed Motion to Dismiss (ECF No. 69 ) because it was filed before the Court granted Alliance's motion to intervene. The Court notes that Alliance has filed a Motion to Dismiss after the Court granted it leave to intervene (ECF No. 71 ). That motion remains pending. **(no image attached)** (Copies have been distributed pursuant to the NEF − KW) (Entered: 06/21/2024) |
| 06/21/2024 | 81 | RESPONSE to 71 Motion to Dismiss by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. Replies due by 6/28/2024. (Barr, Jeffrey) (Entered: 06/21/2024) |
| 06/24/2024 | 82 | JOINDER to 78 Reply by Defendants Lynn Marie Goya, Lorena Portillo. (Logsdon, Lisa) Modified on 6/24/2024 60 (WJ). (Entered: 06/24/2024) |
| 06/25/2024 | 83 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Aseem Mulji and DESIGNATION of Local Counsel Sadmira Ramic (Filing fee $ 250 receipt number ANVDC−7728305) by Defendant American Civil Liberties Union Of Nevada. (Ramic, Sadmira) (Entered: 06/25/2024) |
| 06/26/2024 | 84 | ORDER APPROVING 83 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Aseem Mulji for American Civil Liberties Union Of Nevada and approving Designation of Local Counsel Sadmira Ramic. Signed by Chief Judge Miranda M. Du on 6/26/2024. Any Attorney not yet registered with the Court's e−filing system shall register on the PACER website www.pacer.gov (Copies have been distributed pursuant to the NEF − DLS) (Entered: 06/26/2024) |
| 06/26/2024 | 85 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Hayden Johnson and DESIGNATION of Local Counsel Sadmira Ramic (Filing fee $ 250 receipt number ANVDC−7729681) by Defendant American Civil Liberties Union Of Nevada. (Ramic, Sadmira) (Entered: 06/26/2024) |
| 06/27/2024 | 86 | ORDER approving 85 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Hayden Johnson for American Civil Liberties Union Of Nevada and approving Designation of Local Counsel Sadmira Ramic. Signed by Chief Judge Miranda M. Du on 6/27/2024. Any Attorney not yet registered with the Court's e−filing system shall register on the PACER website www.pacer.gov (Copies have been distributed pursuant to the NEF − DLS) (Entered: 06/27/2024) |
| 06/28/2024 | 87 | REPLY to Response to 71 Motion to Dismiss by Intervenor Defendants Nevada Alliance for Retired Americans, Vet Voice Foundation. (Bravo, Daniel) (Entered: 06/28/2024) |

| 07/17/2024 | 88 | ORDER − It is therefore ordered that the Government Defendants' and Non−Profit Intervenors' motions to dismiss (ECF Nos. 60 , 69 ) are granted. It is further ordered that the DNC's motion to dismiss (ECF No. 59 ) and the American Civil Liberties Union of Nevada's motion for leave to file an amicus curiae brief (ECF No. 76) are denied as moot. Signed by Chief Judge Miranda M. Du on 7/17/2024. (Copies have been distributed pursuant to the NEF − GA) (Entered: 07/17/2024) |
|---|---|---|
| 07/17/2024 | 89 | JUDGMENT entered pursuant to ECF No. 88 Order. Signed by Clerk of Court Debra K. Kempi on 7/17/2024. (Copies have been distributed pursuant to the NEF − GA) (Entered: 07/17/2024) |
| 08/16/2024 | 90 | NOTICE OF APPEAL as to 89 Judgment by Plaintiffs Donald J. Trump for President 2024, Inc., Nevada Republican Party, Republican National Committee, Donald Szymanski. Filing fee $ 605, receipt number ANVDC−7781277. E−mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit.<br><br>Designation of Transcripts and Transcript Order forms and instructions for appeal can be found on the Court's website at www.nvd.uscourts.gov.<br><br>(Attachments: # 1 Exhibit Representation Statement) (Barr, Jeffrey) (Entered: 08/16/2024) |
| 08/19/2024 | 91 | USCA, Ninth Circuit, Docketing Notice and Time Schedule Order as to 90 Notice of Appeal, filed by Donald Szymanski, Donald J. Trump for President 2024, Inc., Republican National Committee, Nevada Republican Party. **USCA Case Number 24−5071**. (Copies have been distributed pursuant to the NEF − DLS) (Entered: 08/20/2024) |