**Perkins Coie**

Perkins Coie LLP
1301 Second Avenue
Suite 4200
Seattle, WA 98101-3804

T. +1.206.359.8000
F. +1.206.359.9000
perkinscoie.com

July 2, 2026

Kevin J. Hamilton
KHamilton@perkinscoie.com
D. +1.206.359.8741
F. +1.206.359.9741

**VIA CM/ECF**

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

Re: ***Republican National Committee v. McDonald***,[*]
**Case No. 24-5071**

Dear Ms. Dwyer:

Pursuant to the Court's order of June 29, 2026, *see* Dkt. 90.1, the Democratic National Committee files this letter brief discussing the effect of the U.S. Supreme Court's opinion in *Watson v. Republican National Committee*, No. 24-1260, 2026 WL 1855462 (June 29, 2026), on the issues in this case.

As this Court recognized in January, the Supreme Court granted certiorari in *Watson* to address "[w]hether the federal election-day statutes . . . preempt a state law that allows ballots that are cast by federal election day to be received by election officials after that day." Dkt. 78.1 at 1 (citation modified). That is the same legal question underlying Plaintiffs' complaint in this

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Cari-Ann Burgess's successor as the Washoe County Registrar of Voters, Andrew McDonald, is automatically substituted as a party in his official capacity.

Molly Dwyer, Clerk of the Court
July 2, 2026
Page 2

case. *See* ER-20–21 ("Congress has established a uniform, national day to elect members of Congress and to appoint presidential electors . . . . Nevada contravenes those federal laws by counting mail ballots that are received up to four business days after Election Day[.]"). *Watson* has resolved this question in no uncertain terms: "[T]he [federal] election-day statutes do not set a deadline for ballot receipt, so they do not prevent [States] from counting ballots postmarked before election day yet received afterward." 2026 WL 1855462, at *7. Thus, *Watson* disposes of this case.

*Watson* also forecloses Plaintiffs' earlier suggestion that "a remand could be warranted to address Nevada's different ballot-receipt procedures like acceptance of a ballot even if it lacks a postmark in certain circumstances." Dkt. 81.1 at 8 (citation modified). *Watson* emphasized that "state law is preempted by the federal election-day statutes only so far as the conflict extends." 2026 WL 1855462, at *12 (citation modified). Because the federal election-day statutes are silent as to *how* a State ascertains that a voter's "choice [was] made on election day," *id.* at *7, any idiosyncrasies or evidentiary presumptions in Nevada's post-election ballot-receipt rules are immaterial, *see* Nev. Rev. Stat. § 293.269921(2); *cf. Watson*, 2026 WL 1855462, at *12 ("[E]ven if plaintiffs are right about Mississippi law, they would still lose

Molly Dwyer, Clerk of the Court
July 2, 2026
Page 3

the challenge they have pressed in this litigation: that post-election-day ballot receipt is itself unlawful.").

Because *Watson* resolves the merits of this case, there is no need for further briefing or argument. The Court may "affirm the [District Court's] dismissal on any basis fairly supported by the record," *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), and expeditious affirmance is particularly appropriate here in light of the impending election, *see, e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006) (per curiam) (recognizing value of "clear guidance").

Molly Dwyer, Clerk of the Court
July 2, 2026
Page 4

Respectfully submitted this 2nd day of July, 2026.

PERKINS COIE LLP

By: *s/ Kevin J. Hamilton*
Kevin J. Hamilton
Margo S. Jasukaitis
Jonathan P. Hawley
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
(206) 359-8000
KHamilton@perkinscoie.com
MJasukaitis@perkinscoie.com
JHawley@perkinscoie.com

Charles G. Curtis, Jr.
33 East Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663-7460
CCurtis@perkinscoie.com

*Counsel for the Democratic
National Committee*

Molly Dwyer, Clerk of the Court
July 2, 2026
Page 5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter brief complies with the page limit set forth in the Court's order of June 29, 2026. *See* Dkt. 90.1.

<u>*s/ Kevin J. Hamilton*</u>

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 2, 2026.

<u>*s/ Kevin J. Hamilton*</u>