

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
www.consovoymccarthy.com

July 13, 2026

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

**Re:** ***Republican National Committee v. McDonald**[*]***
**Case No. 24-5071**

Dear Ms. Dwyer:

In accordance with the Court's June 29, 2026 order, Appellants file this letter brief discussing the effect of the Supreme Court's opinion in *Watson v. Republican National Committee*, No. 24-1260, 2026 WL 1855462 (June 29), on the issues in this case.

First, *Watson* and *Bost v. Illinois State Board of Elections*, 607 U.S. 71 (2026), confirm that Appellants have standing, and that the district court erred in dismissing the case on that ground. Appellants have already explained in supplemental briefing why *Bost* supports their standing in this case. *See* Doc. 81.1. The Republican National Committee has a "personal stake" in determining the legality of a State's post-election day mail ballot receipt statute. *Bost*, 607 U.S. at 76. As a political competitor and a representative of Republican candidates vying

---

[*] Andrew McDonald is automatically substituted as a party in his official capacity for Cari-Ann Burgess because McDonald is Burgess's successor as the Washoe County Registrar of Voters. F.R.A.P. 43(c)(2).

for votes, the RNC has "a concrete and particularized interest in the rules that govern the counting of votes in their elections." *Id.* at 82. Both "a candidate and a candidate's political party can assert standing based on their shared interest in 'fair competition.'" *Mecinas v. Hobbs*, 30 F.4th 890, 898 n.3 (9th Cir. 2022); *Bost*, 607 U.S. at 77. The Nevada Republican Party shares similar interests in Nevada elections.

*Watson* resolves any doubt about that conclusion. The RNC is a Plaintiff in both this case and in *Watson*. The RNC's standing in *Watson* was disputed and confirmed in the district court, independently affirmed by the Fifth Circuit, and accepted by the Supreme Court. *See RNC v. Wetzel*, 120 F.4th 200, 205 n.3 (5th Cir. 2024). While *Bost* was pending, some Respondents in *Watson* urged the Court to delay its review because the Court would "have to address th[e] threshold standing question" and *Bost* would "bear directly" on that issue. Brief in Opp. of Vet Voice Found., at 9-10, *Watson v. Republican Nat'l Comm.*, No. 24-1260 (S. Ct.). But the Court granted certiorari without waiting for *Bost*, and no Justice discussed standing in *Watson*.

Following *Watson*, this Court should thus vacate and remand the case to the district court. *See S.F. Baykeeper v. Cargill Salt Div.*, 263 F.3d 963, 964 (9th Cir. 2001) (When "major developments, in the form of United States Supreme Court decisions," affecting standing "have occurred since the district court rendered its

decision," this Court "vacate[s] the judgment and remand[s] for further proceedings."). Appellants will then voluntarily dismiss the case, saving this Court the trouble of writing an opinion, the parties the trouble of briefing further issues, and the district court the trouble of applying the new precedents.

The DNC nevertheless urges this Court to reach the merits. Doc. 91.1 at 3. That path would be both inappropriate and inefficient. It would be inappropriate because it fails to account for unresolved merits issues that the parties haven't briefed and the lower court didn't address, including the counting of ballots without a postmark and the ability to recall mail ballots. *See Watson*, 2026 WL 1855462 at *5 (the "sole" issue concerns ballots "postmarked by election day, but received up to five days later"); *id.* at *12 (reserving the implications of "post-election-day recall" of mail ballots).

The DNC's proposal would also be inefficient because before the Court can reach the merits, it must assure itself that Plaintiffs have standing. No federal court can "decide the cause of action before resolving Article III jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). So to reach the merits, this Court must first write an opinion reversing the district court's dismissal on standing. The simpler path is to vacate and remand in light of *Watson*, and allow Plaintiffs the opportunity to voluntarily dismiss the case in the district court. *Cf. S.F. Baykeeper*, 263 F.3d at 964 ("If the district court determines that it has

jurisdiction, it can then address the remaining issues that may have been affected by the intervening" Supreme Court decisions.).

Respectfully submitted this 13th day of July, 2026.

  */s/ Thomas R. McCarthy*

Thomas R. McCarthy
Gilbert C. Dickey
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter brief complies with the page limit set forth in the Court's order of June 29, 2026. *See* Doc. 90.1.

*/s/ Thomas R. McCarthy*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 13, 2026.

*/s/ Thomas R. McCarthy*