**NOT FOR PUBLICATION**

FILED

AUG 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REPUBLICAN NATIONAL COMMITTEE; NEVADA REPUBLICAN PARTY; NEVER SURRENDER, INC.; DONALD SZYMANSKI,

Plaintiffs - Appellants,

v.

CARI-ANN BURGESS, in her official capacity as the Washoe County Registrar of Voters; JAN GALASSINI, in her official capacity as the Washoe County Clerk; LORENA PORTILLO, in her official capacity as the Clark County Registrar of Voters; LYNN MARIE GOYA, in her official capacity as the Clark County Clerk; FRANCISCO V. AGUILAR, in his official capacity as Nevada Secretary of State; AMERICAN CIVIL LIBERTIES UNION OF NEVADA,

Defendants - Appellees,

VET VOICE FOUNDATION; NEVADA ALLIANCE FOR RETIRED AMERICANS; DEMOCRATIC NATIONAL COMMITTEE,

No. 24-5071

D.C. No.
3:24-cv-00198-MMD-CLB

MEMORANDUM*

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Intervenor-Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submission Deferred September 25, 2025
Submitted August 19, 2026[**]
Phoenix, Arizona

Before: GRABER, BADE, and LEE, Circuit Judges.

Plaintiffs the Republican National Committee, the Nevada Republican Party, Nevada voter Donald Szymanski, and Never Surrender, Inc., filed this action to challenge the legality of a Nevada statute that permits the counting of certain mail-in ballots received up to four business days after the federal election day. See Nev. Rev. Stat. § 293.269921. The district court dismissed the case for lack of Article III standing, and Plaintiffs timely appealed.

"To have standing to appeal, a party must be 'aggrieved by the district court['s] order.'" Bryant v. Tech. Rsch. Co., 654 F.2d 1337, 1343 (9th Cir. 1981) (emphasis added) (quoting United States v. Wash. Dep't of Fisheries, 573 F.2d 1117, 1118 (9th Cir. 1978)). Disagreement with the reason for the order is not sufficient to confer standing if a change in the reason would not alter the result.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

See Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1200 (9th Cir. 1999) ("[I]t is an abecedarian rule that federal appellate courts review decisions, judgments, orders, and decrees—not opinions, factual findings, reasoning, or explanations[.]" (quoting In re Williams, 156 F.3d 86, 90 (1st Cir. 1998))).

Plaintiffs have advised us that if we reverse the district court's dismissal, they will voluntarily dismiss the case on remand. Put differently, Plaintiffs ask us to vacate the order dismissing this case without prejudice so that they can move for this case to be dismissed without prejudice. Compare Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (explaining that dismissals for lack of standing are generally without prejudice), with Fed. R. Civ. P. 41(a)(1) (providing that voluntary dismissals before service of an answer or a motion for summary judgment are generally "without prejudice"). Thus, by their own admission, Plaintiffs have not suffered any "actual or threatened injury," In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig., 33 F.3d 29, 30 (9th Cir. 1994) (citation omitted), as a result of the district court's dismissal order and, therefore, they do not have standing to maintain this appeal.

**APPEAL DISMISSED.**